HORTON, Judge.
The appellant was the plaintiff and the appellee the defendant in the court below. This was an action brought by the plaintiff under the guest statute, Sec. 320.59, F.S.A., for personal injuries allegedly sustained by *206 reason of the defendant’s negligent operation of an automobile. The plaintiff has appealed from the final judgment entered after a verdict directed by the lower court in favor of the defendant. The verdict was directed at the close of the plaintiff’s case.
Since this was an action brought under the guest statute, supra, it was incumbent upon the plaintiff to prove gross negligence. The principal question before this Court is whether sufficient evidence was adduced at the trial to warrant the submission of the case to the jury on a question of gross negligence
In attempting to answer the question posed here, this Court is aware of the fine line of demarcation that attempts to distinguish between simple negligence and gross negligence.
We feel that the rule has been well stated by the Supreme Court of this state in Faircloth v. Hill, Fla.1956, 85 So.2d 870, 872:
“We have held that all of the circumstances of each case entering into the particular happening must be considered in order to determine whether liability exists. * * * While each separate act involved in the drama might not in and of itself establish gross negligence, nevertheless, the entire course of conduct of the automobile driver under all of the circumstances and in the light of all of the related factors taken collectively might well establish the existence of gross negligence by pointing to the conclusion that the driver of the car knew or should have known that his conduct placed others in danger of grave injury and that under all of the circumstances he could he found guilty of a conscious indifference for the safety of others.”
The facts are substantially as follows: The accident occurred on Old Cutler Road in an unincorporated area of Dade County, Florida, at approximately 11:0O p. m. on December 17, 1954. This was a macadam road. It was a clear, dry, dark night with no lights at or near the scene of the accident. From 6:00 to 6:30 p. m. until about 9:00 p. m., the plaintiff and the defendant had each consumed a gin and tonic, bourbon and soda and two beers. The defendant, owner of a 1950 Jaguar roadster, had acquired the automobile approximately three months prior to the accident and at the time of the accident it was conceded that the car was in good mechanical condition. The defendant was driving the automobile and had taken the plaintiff along for a ride. As the automobile travelled south on Old Cutler Road, it approached a 90° curve that veered to the right, or west, which curve was marked by two warning signs. One sign was approximately 400 feet from the curve and read “curve”; the second sign, approximately 150 to 200 feet from the curve, indicated both by word and illustration, that there was a curve to the right in the road ahead. The plaintiff testified that he had been over this route about five or six times prior to the accident and the defendant stated that he had been over the route about three times. The defendant further stated that he did not have any specific memory of seeing the warning signs but he knew that there was a curve in the road. The plaintiff claims that prior to going into the curve and at about the location of the first warning sign he had told the defendant that there was a “nasty curve up there.” The defendant denies any knowledge of the plaintiff’s alleged warning. The lights on the defendant’s car were working properly and there was no other traffic on the road. The automobile did not negotiate the curve, but skidded off the roadway onto the shoulder and struck a concrete pillar which helped support a steel link chain fence and after knocking this concrete pillar from its original upright position a distance of approximately twelve feet, careened off a distance of 27 feet and struck a similar concrete pillar, knocking it over and finally came to rest upside down on this last pillar with the *207 plaintiff pinned under the automobile. Approximately fifty feet of the steel link chain fence supported by the concrete pillars was torn up. The defendant was thrown clear of the car before it came to its final rest.
Plaintiff testified that preceding the accident, the automobile was being operated “very fast.” Defendant stated that his speed at the time of entering the curve was about 45 miles per hour and that he did not attempt to reduce his speed. This was a flat, unbanked 90° curve and the roadway on the curve and the approach to the curve was bumpy and rough. The automobile left tire marks on the roadway of 24 feet and 101 feet after leaving the roadway. The automobile was a total loss. The plaintiff suffered lacerations around the face, eyes and chin, and a brain concussion. In addition, the plaintiff’s three front teeth were knocked out, his chest was crushed, two ribs were broken and he suffered a dislocated hip, resulting in his inability to pursue any gainful occupation from the day of the accident, December 17, 1954, until about the first of May, 1955.
In addition to the testimony of the plaintiff that the automobile in which he was riding was being driven very fast and the defendant’s testimony that he was operating the automobile at about 45 miles per hour, there was no other testimony admitted by the court relative to the speed of the automobile. The plaintiff proffered the testimony of Captain Delton T. Dollar of the Miami Police Academy as an expert witness as to speed and stopping distances. The court refused to admit the testimony with the observation: “I don’t believe it would be helpful to the jury; I think there are too many things involved and it would be confusing rather than helpful.”
The appellant has posed four questions on which he relies for a reversal of the judgment of the lower court. This Court feels that it is necessary to consider only two of these to arrive at a proper conclusion in this case, namely (1) Whether or not the evidence submitted by the appellant in the lower court was sufficient to go to the jury on the question of gross negligence, and (2) Whether or not the lower court erred in refusing to admit the proffered testimony of Captain Delton T. Dollar, an expert witness, relative to speeds and braking distances.
The second question the Court feels can be disposed of under the authority of Kerr v. Carroway, Fla.1955, 78 So.2d 571, 572, wherein the Supreme Court of Florida had the same question posed involving the same witness under similar circumstances In that case the court said :
“The speed of the respective cars was material to the issues in the case and the jury was entitled to the benefit of any evidence that would be helpful in arriving at the truth. The witness was subject to examination and cross-examination for the benefit of the jury. The testimony was admissible, its weight, sufficiency and value for the jury to determine.”
On the basis of the ruling in the above case, we find that the lower court erred in refusing to admit the preferred testimony.
From all the facts and circumstances together with reasonable inferences which could or may have been drawn therefrom, the lower court was in error in withdrawing the case from the jury and directing a verdict for the defendant. The Supreme Court of the State of Florida, in the case of Moore v. Dietrich, 133 Fla. 809, 183 So. 2, and recently confirmed in Cadore v. Karp, Fla.1957, 91 So.2d 806, 807, said:
“If the evidence is conflicting, or will admit of different reasonable inferences, and if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact te be determined by them, and not taken from the jury and passed upon by the court as a question of law.”
The facts are such that a jury, if it saw fit to do so, could have reasonably concluded that the defendant was guilty of gross neg *208 ligence, by operating his motor vehicle in the manner and under the circumstances described; or upon the other hand the jury may see fit to reasonably conclude that such is not the case.
This Court simply holds that there was presented sufficient evidence on the part of the plaintiff to justify its submission to a jury for their determination as to whether or not as a question of fact the defendant had been guilty of gross negligence, rather than removing the question from the jury and determining as a matter of law that gross negligence had not been proven. The latter course on the part of the lower court we feel was error.
It therefore follows that the judgment appealed from is reversed and the cause remanded to the lower court for new trial.
Reversed and remanded for new trial.
CHAS. CARROLL, C. J., and PEARSON, J., concur.