SHANNON, Chief Judge.
The plaintiff below brings two appeals from directed verdicts against him in tort actions under the Guest Statute, F.S. § 320.59, F.S.A. The other case, Fla.App., 133 So.2d 565, is one that William J. Reynolds brought as administrator of the estate of Allen W. Reynolds, Deceased. Both cases were consolidated for trial as well as for this appeal.
The plaintiff’s deceased was his 17 year old son, who was killed in an automobile accident. Allen W. Reynolds was one of two passengers in a Jaguar sports car owned by Edwin Lawrence Aument, Jr., and being driven by his son, Edwin Lawrence Aument, III. The three boys were en route to a drag race, but, upon attempting to negotiate a turn, the car went out of *563 control and came to rest 480 feet from where it left the road, and in the accident young Reynolds was killed.
The car was being driven in Hollywood, Florida, on Longfellow Circle, at nighttime, with a speed limit of 30 miles per hour. Longfellow Circle is, as the name implies, a circle, and the young man wished to veer left onto Roosevelt Street. When the car was turning left to go onto Roosevelt Street, it first went 37 feet, 10 inches, off the road; then when it entered Roosevelt Street, the car proceeded to the right side of Roosevelt and turned left off of Roosevelt Street at a distance of 248 feet, 4 inches; then it went 72 feet off of the paved section of the roadway, coming back onto the roadway; it then went to its right across the entire roadway for a distance of 76 feet 10 inches. The car turned over several times in its route.
The plaintiff has posed five questions, which may be stated as follows: 1) Whether or not there were sufficient facts to make out a case of gross negligence? 2) Whether the court erred in striking the. testimony of plaintiff’s expert witness relative to the velocity of defendant’s vehicle prior to the time of the accident? 3) Whether the court erred in refusing to admit testimony of plaintiff’s expert witness relative to the velocity of defendant’s vehicle? 4) Whether or not the trial court erred in refusing to admit photographs which were not mentioned in the pre-trial order? 5) Whether or not the court erred in refusing to allow the plaintiff’s expert witnesses to give their opinion relative to the turn-over point of defendant’s automobile.
We are concerned here with several factors aside from speed, which make out a case that should have been sent to the jury. If it were only a question of speed, we, in accordance with the decisions of our Supreme Court, would have to affirm the final judgment, but, in this particular case, it was not a question of speed alone, as we have other material facts appearing in the case.
Also, in deciding this case, we must take into consideration the case of Carraway v. Revell, Fla.1959, 116 So.2d 16. Following the Carraway case is the case of Douglass v. Galvin, Fla.App.1961, 130 So.2d 282. In addition to the above two cases the authority of Madden v. Killinger, Fla.App.1987, 97 So.2d 205, and Myers v. Korbly, Fla.App. 1958, 103 So.2d 215, should be seriously considered.
In the case of Carraway, supra, Mr. Justice Drew, speaking for the court, said, in part, as follows:
“ * * * We hold that a guest under the statute may not lawfully recover from an owner or operator of a vehicle for simple or ordinary negligence; that he may recover for gross negligence which is that kind or degree of negligence which lies in the area between ordinary negligence and wilful and wanton misconduct sufficient to support a judgment for exemplary or punitive damages or a conviction for manslaughter. In doubtful cases, the question of whether such negligence is ordinary or gross is, as we have heretofore held, one which under appropriate instructions should be submitted to the jury.” [116 So.2d 22.]
Keeping in mind that the speed limit was 30 miles per hour, the physical facts of the present case show that the speed was far above that, and also, the physical facts, in this case, show the course of the automobile, and from all of the facts, together with the speed, the jury could have concluded that there was gross negligence.
In Myers v. Korbly, supra (in which the writer participated), the facts are almost identical with those in'the present case, except that there was testimony that the car was going at a speed much in excess of the statutory rate. In the Myers case Judge Allen, in his opinion, quoted from 3 Fla.Jur., Automobiles, 123, as follows:
“While excessive speed alone or the mere violation of the .statutory speed *564 limits does not of itself constitute wilful and wanton misconduct or gross negligence within the meaning of the guest statute, excessive or unlawful speed coupled with other facts, such for example as driving at high speed through patches of fog in thick traffic just prior to a collision on a curve, failure to heed warning signs, or attempting to negotiate dangerous curves at high speed with full warning of their existence, driving while under the influence of intoxicants, driving an automobile equipped with smooth tires at a rapid rate of speed on a slippery highway, failing to notice a parked car ahead, or approaching at high speed a busy intersection where vision was obstructed, may be sufficient to establish such conduct or negligence.” [103 So. 2d 220.]
In the case of Madden v. Killinger, supra, where the facts were very similar to the facts in the present case, the trial court had directed a verdict for the defendant, but upon appeal the case was reversed, and the court said:
“From all the facts and circumstances together with reasonable inferences which could or may have been drawn therefrom, the lower court was in error in withdrawing the case from the jury and directing a verdict for the defendant. The Supreme Court of the State of Florida, in the case of Moore v. Dietrich, 133 Fla. 809, 183 So. 2, and recently confirmed in Cadore v. Karp, Fla.1957, 91 So.2d 806, 807, said:
“ ‘If the evidence is conflicting, or will admit of different reasonable inferences, and if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as a question of law.’ ” [97 So.2d 207.]
With reference to the plaintiff’s second and third questions as to whether or not the court erred in not admitting his testimony, we will have to hold, on the basis of Myers v. Korbly, supra, Madden v. Killinger, supra, and Carraway v. Revell, supra, that the court should have allowed this testimony to go to the jury.
In the case of Le Fevre v. Bear, Fla.App. 1959, 113 So.2d 390, 393, we held, in view of the fact that the expert had never before computed such problems, that the testimony was inadmissible. However, the expert in that case admitted that:
“There are many variables that enter into a computation such as this, and I do agree with the doctor that unless you know the actual launch angle of the center of gravity you can’t accurately compute a distance in the fashion I did it.”
And, hence, the admission of his testimony as an expert in this particular field was held to be error.
In regard to plaintiff’s .fourth question, we deem it unnecessary to express any opinion on this, as, in view of the fact that a new trial must be had, the question will be taken care of. That leaves plaintiff’s fifth question as to whether or not plaintiff’s witnesses could express their opinions relative to the turnover point of defendants’ vehicle. The plaintiff has not cited us any authority, while the defendant has cited Alls v. State, 1932, 104 Fla. 373, 139 So. 789, and Southern Utilities Co. v. Murdock, 1930, 99 Fla. 1086, 128 So. 430. On studying the testimony with reference to the witnesses expressing their opinions we find nothing to support plaintiff’s proposition. The witnesses can describe the territory or the ground upon which the automobile marks were present in detail, but whether or not the automobile turned over at that point is a question solely for the jury.
The case will be reversed for new trial.
Reversed.
ALLEN and KANNER, JJ., concur.