ALLEN, Judge.
The above styled cases were consolidated in the lower court for trial which resulted in a directed verdict for the defendants, respondents here, below. An appeal was taken to this court from the final judgment and we reversed the judgment in an opinion filed July 26, 1961, reported at Fla.App., 133 So.2d 562. A mandate was issued from this court under date of November 9, 1961. Subsequently the appellants-petitioners made a motion for taxation of costs.
The trial judge refused to assess against the appellees-respondents sums paid to the court reporter for preparation of the transcript of testimony given during the trial which were listed in the affidavit of costs incurred in the sum of $221.10.
The appellants have petitioned this court to review the judgment for costs entered to the extent that they were denied any sum for the preparation of the transcript of the testimony in the sum of $221.10, also they were denied the sum of $21.00 which was interest on a cost judgment at 6% through December 7, 1961.
It appears from the petition filed in this cause and argument therein and from the reply filed in opposition to the petition by the appellees below, that the denial of costs to the petitioners by the lower court may have been based on interpretation of Rule *833 3.6, Record-on-Appeal, Florida Appellate Rules, 31 F.S.A., which provides:
“a. What Constitutes. The record-on-appeal shall consist either of an original record or a transcript of record, or a stipulated statement prepared in accordance with these rules. A transcript of record shall be used only when so ordered by the lower court or stipulated by the parties. Appellant may, however, use a transcript as a matter of right if he elects to assume the cost thereof, which shall not be taxable as costs.”
The record brought to this court in the appeal was the original record and not a transcript of the record. The original record included a transcript of the testimony taken in the trial below and transcribed by the court reporter. This latter item was the cost requested to be assessed against the appellees by the appellant and refused by the trial judge.
Rule 3.6(a) authorizes the use of a transcript of record only when ordered by the lower court or stipulated by the parties but does authorize the appellant to use a transcript as a matter of right if he elects to assume the costs thereof which shall not be taxable as costs. It will be observed that this sentence uses the word “transcript” which we construe to mean a transcript of record. It is clear to us that this does not prohibit the use of a transcript of the testimony when this is necessary in the use of the original record in appellate proceedings.
In 8 Fla.Jur. Costs § S3, p. SO, under the subject “Items Taxable as Appellate Costs, Generally,” it is stated:
“Among the items which have been held allowable as appellate costs are the fees paid the clerk of the trial court for perfecting the appeal, the docketing fee of the Supreme Court, and the preparation, verification, and certification of the record by the clerk of the lower court, which are taxable as part of the appellate proceedings although incurred in the trial court. Likewise, the costs in preparing a copy of the record to be served upon the opposing party is taxable as an appellate cost, as are the costs in transmitting the record to the clerk of the appellate court and to opposing parties. Sheriff’s fees which may be required as a prerequisite to the appeal may be also collected as costs on appeal.
“While it has been held that the costs for the transcription of the reporter’s notes is not properly an appellate cost, such holdings are apparently obsolete in view of the fact that the reporter’s transcribed notes are now incorporated into the record on appeal, since the rule was predicated upon the fact that the proceedings of the trial court had to be evidenced by a bill of exceptions authenticated by the trial judge. Premiums required to be paid for a supersedeas bond are taxable as appellate costs.
“The cost of copies of any paper on file in the Supreme Court may not be taxed as a cost against the losing party, unless ordered by him.”
The appellee-respondents argue that a taxation of costs is discretionary with the trial judge. The respondents are correct in this statement but we may review such discretion to determine whether or not the court refused to tax costs which are allowable by law. We so held in the case of Melvin v. West, Fla.App.1960, 120 So.2d 233, where the trial judge refused to allow the appellant the sum of $7,000 which he had actually paid to secure a supersedeas bond although the court allowed the sum of $2,062.50 for what he considered a reasonable premium for a supersedeas bond.
The appellee-respondents cite the case of Moyer v. Moyer, Fla.App.1959, 114 So.2d 638, which states that “a stenographic transcript of the testimony is not necessary for an appeal” and that the court further pointed out that a transcript of record or stipulated statement could be used to take *834 an appeal rather than the more expensive stenographic transcript of testimony. The respondents then concluded that the petitioners-appellants’ “shot gun” designation of the whole transcript of testimony was unnecessary and that therefore the petitioners should he made to hear the burden of this expense.
In Moyer v. Moyer, supra, the District Court of Appeal, Third District, held that a divorce decree awarding lump-sum alimony would he affirmed where the record presented to the appellate court presented only the pleadings in the case and the reviewing court was unable to determine the propriety of the award to which error was assigned without reference to the evidence before the chancellor. The appellant Moyer urged in that case as an extenuating circumstance for his failure to bring the court a proper record that there was no court reporter present at the time of the taking of the testimony. The foregoing statement was the reason why Judge Pearson, in his opinion, commented on the fact that the full record could have been brought up to the appellate court by a narrative approach to the testimony without the use of a stenographic transcript of the testimony, which is not necessary for an appeal. We find nothing in the Moyer case to aid the appellee-respondents herein.
We cannot say from the record presented to us whether it was an abuse of discretion in disallowing interest on the costs judgment claimed by the petitioners.
We cannot tell from the record whether or not the lower court abused his discretion in not allowing the full amount requested by the petitioners ($221.10) for preparation of the transcript of testimony below so we shall remand the order taxing costs for another hearing before the trial judge to determine if certain matters included within the transcript of testimony were unnecessary.
SHANNON, C. J., and WHITE, J., concur.