STURGIS, Judge.
The condemnors (appellants) in this eminent domain proceeding seek reversal of a post-decretal order taxing $1,280.00 costs against appellants for the services of a witness who on behalf of certain landowners (appellees) was permitted to testify as an expert on the subject of the compensation to be paid ^o them for property condemned to the public use.
The assignments of error question the qualification of the witness to testify as an expert and, on that premise, the allowance of expert witness fees for his services; and further, assuming per argumenti that he was properly qualified as such, question the amount of costs assessed on the ground that items are included for services of said witness that were of no use value to the jury.
When one Joe Carl Harrell was called as a witness the following took place in the course of examination on the question of his Qualification as an expert:
“Mr. Henderson [attorney for a party defendant]: What is your occupation or profession?
“A. I am the owner and operator of the Harrell Title Company in Fort Walton Beach, Florida.
“Q. Have you ever had any experience in making appraisals on real property?
“A. Yes, I have — several times.
“Q. Was that appraisal of the valuation of real property?,
“A. Yes.
“Q. Where was that?
“A. I have been appointed by the probate Court in Okaloosa County to make appraisals on estate property. I’ve made appraisals for Allied Building Credits, a lending institution in Pensacola, Florida. I’ve made appraisals for the Okaloosa Lumber Company and I’ve made appraisals for attorneys in Fort Walton Beach, as well as attorneys here in Crest-view; and I’ve been called as a witness in the Public Housing Authority condemnation suits as an appraiser.
“Q. Have you been previously accepted by the Circuit Court of Okaloosa County as an expert appraiser?
“A. Yes, sir. I believe the Public Housing Authority hearings were in this Court and I was accepted at that time.
“Mr. Henderson: I submit he is qualified.
“Mr. Barrow [attorney for appellants] : He has not established that this man is qualified in real estate appraisals in condemnation proceedings. He has not shown any job experience as a licensed salesman in real estate.
“By the Court: The man has testified he’s made appraisals for various lawyers and various concerns. The Court thinks he is qualified.
“Mr. Barrow: May I make inquiry?
“By the Court: Go ahead.
“Mr. Barrow: Mr. Harrell, are you a registered real estate broker in the State of Florida?
“A. No, sir I am not.
“Q. Have you ever worked under a registered real estate broker in the buying and selling of real estate?
“A. I have worked—
“Q. As a salesman under Florida law?
“A. Oh, no, sir.
*743 “Q. Never have. You are not in the process now of applying for a real estate salesman’s license and you have never worked under a licensed or registered real estate broker!
The same objection based bn existing Florida law, your honor.
“By the Court: Objection overruled.”
Thereupon the witness gave opinion testimony upon the critical issues of the suit involving parcels of property owned by ap-pellees.
On motion of appellees the post-judgment order appealed was entered, taxing as costs “expert witness fees” of witness Harrell based on bills submitted by him, as follows:
“For Appraisal of SRD No. 4 $125.00
“For Appraisal of SRD No. 75 100.00
“For Appraisal of SRD No. 19, 20, 57 100.00
“For Appraisal of SRD No. 12, 13 50.00
“For Appraisal of SRD No. 51, 52 50.00
“For Appraisal of SRD No. 73 125.00
“For Appraisal of SRD No. 67 55.00
“For Appraisal of SRD No. 34, 35 100.00
“For Appraisal of SRD No. 41-R, 123 75.00
“For five (5) days Court attendance (July 16, 1962, through July 20, 1962, inclusive) '500.00
“TOTAL $1,280.00”
Appellants contend, and it is not contradicted, that this witness gave no testimony concerning the parcels identified as SRD Nos. 19, 20, 57; 12,13; 51,52; 73; and 34, 35. A total of $425.00 costs is allowed for appraisal of said parcels.
 The term “expert witness” is defined in part by F.S. 90.23, F.S.A. as “one possessed of special knowledge or skill in respect of the subject upon which he is called to testify.” Trial judges are accorded a wide latitude, subject to the exercise of sound judicial discretion, in determining whether a person so called meets the statutory test. The testimony of witness Harrell reveals that he had substantial experience as an appraiser of real property for various courts, firms and individuals. It is devoid, however, of any showing that such prior appraisals were of a character reasonably calculated to equip the witness to testify as an expert on the issues involving the particular property involved in this' suit, or otherwise furnishing a reliable basis on which to determine whether he possessed “special knowledge or skill” in respect of the subject upon which he was called to testify, that is to say: as to the value of the property condemned and other damages suffered by the owners as an incident to the taking. Technically, therefore, the qualification of this witness as an expert would have been less questionable if that vacuum had been removed, e. g., by direct evidence that such prior appraisals were made and testimony given in respect to property in the general vicinity of that involved in this suit, or that he had familiarized himself with values by reference to the public record of comparatively recent sales of property in the neighborhood, etc., etc. On the whole, however, the reasonable inferences available to the trial judge from the testimony of the witness concerning his prior experience as an appraiser are such that we cannot say as a matter of law that he abused his discretion in holding the witness qualified to testify as an expert. In so holding, we are somewhat persuaded by the fact that appellants have made no claim that the jury awarded excessive compensation for the property condemned and, so far as disclosed by the record, that appellants did not appear before the trial judge in opposition to the motion for assessment of the challenged costs.
We deem it appropriate to observe, however, that trial courts are powerless to take judicial notice that a witness has the knowledge and skills qualifying him to testify as an expert. The facts adduced in each case must control, always having in mind the broad objectives of the law. Applying that concept to the case on appeal and being familiar with the forum where it was tried, we are mindful that there, as in many areas of the state, the condemning authority would be confronted with inordinate expense and delay if in all instances it was incumbent on the landowner to procure the services of a professional appraiser to *744 serve as an expert witness upon the issues involved. The law recognizes that other qualifications may suffice to constitute one an expert witness in this field and, indeed, permits testimony to be given by lay witnesses to meet such issues.
Appellants insist, and we agree, that witness Harrell is not entitled to be paid for services with respect to parcels of property concerning which he did not testify, as appears to be the case with respect to the hereinabove mentioned items totaling $425.00 billed by the witness for appraisal of certain parcels of land as stated. Moreover, it is not possible to determine from the record whether the court attendance of the witness for five days, for which costs are assessed at $100.00 per day, was occasioned solely in respect to the parcels as to which he did testify. For- aught that appears to the contrary, his compensable testimony might have been completed on the first day of his attendance on the court.
It is perhaps trite to observe, but we do so for what benefit it may serve, that where a condemnation proceeding involves multiple parcels of property and multiple owners, it generally occurs that the condemning authority makes settlement with some without trial of the amount to be paid for their property; and in all such instances the presumption necessarily obtains, unless stated to the contrary, that the amount paid is the total amount for which the con-demnor is liable in the premises, including any sums incurred by the owner for expenses in preparation for trial. It would be improper, therefore, under such circumstances to allow as costs in the proceeding items of expense incurred in connection with parcels as to which such settlement is made unless specifically agreed upon by the parties.
For the reasons stated, the order appealed is reversed as to the item allowed as expert witness fees of witness Harrell, and this cause is remanded with directions to the trial court to require such proofs to be made as may be expedient in the premises, and thereupon to enter an order fixing the amount of the costs to be paid by appellants on account of the services of said witness.
Reversed and remanded with directions.
WIGGINTON, Acting Chief Judge, and RAWLS, J., concur.