186 So.2d 790 (1966)
W.W. CHESHIRE and Angie M. Cheshire, His Wife, Appellants,
v.
STATE ROAD DEPARTMENT of Florida, an Agency of the State of Florida, and Broward County, a Political Subdivision of the State of Florida, Appellees.
No. 307.
District Court of Appeal of Florida. Fourth District.
March 16, 1966.
*791 Bruno L. DiGiulian of Price & Di Giulian, Fort Lauderdale, for appellants.
P.A. Pacyna, Tallahassee, for appellees.
ANDREWS, Judge.
This is an interlocutory appeal by the defendants, W.W. and Angie M. Cheshire, to review an order taxing costs entered subsequent to final judgment in condemnation proceedings brought by the plaintiffs, State Road Department of Florida, an agency of the State of Florida, and Broward County, a political subdivision of the State of Florida.
The defendants filed a post-judgment motion to tax costs against the plaintiffs in the amount of $340.82. Included was an item of $250.00 representing a real estate appraiser's fee. The trial judge denied such fee on the ground that the appraiser did not testify on behalf of the defendants at the trial. The defendants contend that it was necessary to have an expert appraisal of the property in order to determine the sufficiency of the value placed upon the property by the court appointed appraisers, and that such appraisal was fair and would result in full compensation for the property taken. They urge that the cost was reasonably incurred by them in the preparation for the trial and that such costs are allowable under the provisions of F.S.A. § 73.16.
The plaintiff contends that the fee of a real estate appraiser for the defendants is only allowable as an expert witness fee where the appraiser testified as provided for under F.S.A. § 90.231(1) and (2).
The plaintiff, State Road Department, insists that the question presented here was settled by the case of State Road Department v. Outlaw, Fla.App. 1963, 148 So.2d 741, where the court held that an appraiser who had appraised numerous parcels in a single condemnation suit was not entitled to be paid as an expert witness for parcels regarding which he had not testified in that settlement had been reached regarding said parcels prior to the trial.
Such is not the situation before the court here. In State Road Department v. Outlaw, supra, the court observed that there is a presumption upon settlement before trial that the agreed amount, unless otherwise stated, included all expenses of the defendant in preparing for trial. To the contrary, a verdict in condemnation proceedings does not include allowable costs of the proceedings as authorized by F.S.A. § 73.16.
Section 12 of the Declaration of Rights of the Constitution of the State of Florida, F.S.A. provides that private property shall not be taken without just compensation. The state, its agencies and political subdivisions, are subject to that provision. Daniels v. State Road Department, Fla. 1964, 170 So.2d 846. The theory and purpose of such guaranty is that the owner shall be made whole so far as possible and practical. The judicial history of eminent domain proceedings shows that the courts have been ever vigilant to fully protect the interest of persons whose property is being taken and in doing so to see that the amount received is not diminished by the costs necessarily incurred in protecting the owner in his right to such compensation. It has been pointed out that the condemning authorities are able to provide expert witnesses and appraisers, and if the defendant in condemnation proceedings is to be assured of full compensation he should have the same tools available to him in a defense of his right. Such costs, however, as are expended are subject to the close scrutiny of the court for the purpose of determining that such costs are reasonable and were necessarily incurred in the defense of the proceeding, and should be allowed only in an amount the court determines necessary and proper. Orange State Oil Co. v. Jacksonville *792 Expressway Authority, Fla.App. 1962, 143 So.2d 892; Jacksonville Expressway Authority v. Henry G. Du Pree Company, Fla. 1958, 108 So.2d 289; Dade County v. Houk, Fla. 1956, 89 So.2d 649; Dade County v. Brigham, Fla. 1950, 47 So.2d 602, 18 A.L.R.2d 1221.
One other point deserves comment. What now appears as F.S.A. § 90.231 was initially enacted by Laws of Florida, 1949, Chapter 25090. As originally enacted, it contained the following provision:
"[P]rovided, this Act shall not apply to any condemnation suit filed in behalf of any state, county or municipal agency, or other body having right of eminent domain."
This proviso remained until eliminated by Laws of Florida, Chapter 59-201. Thus, until 1959 Florida had no statute with respect to expert witness fees in condemnation proceedings. The prior allowance of such fees was not dependent upon that statute. See Dade County v. Brigham, supra. The allowance of a reasonable fee for the appraiser should not be denied solely because he did not testify. F.S.A. § 90.231 is not controlling.
Accordingly, the cause is reversed with direction to the court to determine the reasonableness of the appraiser's fee and, to the extent that such fee is found to be reasonable and necessarily incurred in a defense of the suit, to award said sum to the defendants. The allowance of such fee, however, is not a matter of right as to the amount submitted or charged, but such fee should be allowed in such amount as is reasonable and necessary.
The cause is reversed and remanded for such further proceedings consistent with this opinion.
SMITH, C.J., concurs.
WALDEN, J., dissents.
WALDEN, Judge (dissenting).
We are concerned with the taxation of costs post trial in an eminent domain proceeding.
May a property owner recover as "costs" from the condemning authority the fees charged by a real estate appraiser privately employed by the property owner when said appraiser did not testify at trial or participate in the trial proceeding? The trial court answered this question in the negative as reflected in the order appealed. I would affirm.
Looking to the fact foundation for the position here taken, the record contains only three items material to the issue. First, there is a statement of account submitted by a real estate broker to property owner's counsel with this content:

 "Re: W.W. Cheshire property in
 Sections 18 & 19 - T48S-R42E,
 Broward County, Florida.
 (Condemnation Suit # L64-902-Cabot)
 To
 Appraisal 150.00
 2 days court appearance
 at $50.00 per day 100.00
 _______________________
 $250.00"

Second, there is the property owner's unsworn motion to tax costs which simply lists the broker's bill in the sum of $250.00. Finally, there is the order appealed wherein the trial judge denied payment saying, "The item of $250.00 representing the real estate *793 appraiser's fee is herewith denied on the ground that said appraiser did not testify on behalf of the defendants at the time of the trial of this cause." This is the record by which this court is bound and limited, and upon which it is asked to reverse. Negatively, there was no transcript and the record did not disclose the appraiser's qualifications, the reason or necessity for his employ, the contents of his appraisal, the time and effort spent by him in preparing an appraisal, the reasonable value of his appraisal, the use made of his appraisal, if any, or the reason he was not called upon to testify.
Some basic principles at the outset afford a quick confrontation with the problem. The judgment of the trial court is presumed to be correct and free from error.[1] The appellant has the burden of making reversible error clearly, definitely and fully to appear and failure to meet this burden impels the conclusion that there is no error.[2] Taxation of costs is discretionary with the trial judge and his decision will not be disturbed unless it affirmately appears that there has been a clear and manifest abuse of discretion.[3] Using these tools to couple the mentioned presumption to the record presented, it cannot be said by any stretch that there was a clear and manifest abuse of discretion requiring reversal. To the contrary  in the light of the majority directions on remand, the fact that the broker did not testify at trial is easily and naturally equated with the majority opinion criteria, "necessarily incurred in a defense of the suit," with the trial judge determining that the fee was not incurred in defense of the suit inasmuch as the appraiser did not testify. It does not appear that the court did not make such finding using such standard. Appellant failed to demonstrate error and the order appealed should be presumed to be correct and affirmed.
Delving further, the broker's bill charges for an appraisal of the condemned property plus two days court appearance. It would be a fair inference, at least as worthy as any other, that the property owner employed the broker to serve as an expert witness at trial. This being the case, his services and fees are governed by F.S.A. § 90.231[4] and since the broker neither qualified nor testified he cannot receive compensation as an expert witness as a matter of simple definition and by reason of his failure to meet the terms of the statute. Assuming the stated inference to be correct, it is an interesting speculation to wonder why the plan to use him as a witness aborted. The initiated will quickly deduce the answer and the hidden problem which is best demonstrated by yet another question. What shall a property owner do when one of his selected expert witness appraisers arrives at a valuation either less or not appreciably higher than that of the condemnor? He certainly does not call him as a witness and he may look around to see if he can find a way to pin the cost of the misstep on the condemnor.
The case of State Road Department v. Outlaw, Fla.App. 1963, 148 So.2d 741, cannot, *794 in the judgment of this writer, be meaningfully distinguished from the facts and situation at hand. There multiple parcels were appraised. Settlement was had prior to trial as to certain of the parcels and the appraiser testified as to the value of the remaining parcels. The court there refused to allow expert witness fees to be taxed as costs for the appraiser's services with respect to parcels of property concerning which he did not testify. The presumption that a settlement sum includes the costs of trial preparation absent a stipulation to the contrary is recognized. If a case is not settled, though, the remaining alternative is for the case to be tried and equally in such case the enunciated principle is applicable, that is, the appraiser is not entitled to be paid for services with respect to parcels of property concerning which he did not testify.
Mention has been made of F.S.A. § 73.16[5] as authority for the payment of the fee. Its office is simply to peg the base responsibility of costs to the condemning authority just as in other kinds of cases F.S.A. § 58.04[6] provides for the cost responsibility to follow the result of the suit. For instance, if an expert witness qualifies and testifies in a trial, F.S.A. § 90.231 provides for the witness' statutory fee entitlement and F.S.A. § 73.16 removes any discretion from the trial court as to the identity of the person responsible for payment. F.S.A. § 73.16 does not create new items or categories of costs. "Costs of proceedings" means court costs or trial costs to the same extent and by the same measure as costs are considered in any other kind of trial and as such the fees of an expert who did not contribute anything to the trial proceeding would not be allowable.
Taking yet another tack, if the appraiser is not an expert witness as the term is commonly understood, is there any basis in law for compensating him simply as an expert hired unilaterally by the property owner for private consultation altogether apart from the trial proceeding? Does the constitutional mandate for full compensation[7] require that the property owner be recompensed under these circumstances? I do not believe so and have found no authority or precedent for such construction. It would be a serious awkwardness to require the trial court here to conduct a supplemental proceeding and take testimony to determine ex post facto the qualifications of an appraiser and the services rendered and their worth with reference to a secret pre-trial transaction between the property owner and the appraiser. This issue would be somewhat difficult for the state to defend. On remand it is only reasonable to assume that the appraiser will say that he appraised the property and for the property owner to say that this information was necessary for the defense of the suit. The practical operation of the majority opinion, as I view it, is to tell property owners that hereafter they are entitled at the state's expense to hire non-witness experts for private pre-trial advice in connection with the suit.
This member's concern has been stirred because, while the amount involved in the instant case is not significant, it is not desirable to enlarge the opportunities for cost *795 assessments in the manner and under the circumstances here presented. The amount of condemnation awards rests in delicate balance. On one hand, we have the almost sacred right of the private property owner to be justly and fully compensated for that which is taken from him against his will. Arrayed on the opposite side are the rights of the public to make use of private lands by reason of public necessity, paying therefor only what amounts to just and full compensation not implemented by any unreal or fanciful standards. To sanction the award of fees here would be to create problems of procedure and budget where none before existed and to leave the public, counsel and the trial courts with uncertainty as to a proper assessment of costs. The acid test of requiring experts to qualify and testify at trial as a condition precedent for the taxing of their fees as costs is a good one and I see no proper substitute for it. Parenthetically, this writer is not aware of any clamor for a change or any hardship caused by it. If such does exist, then the legislature is the proper place to obtain relief.
For these reasons I respectfully dissent.
NOTES
[1] Florida Power and Light Company v. Ahearn, Fla. 1960, 118 So.2d 21; 2 Fla. Jur., Appeals § 314; 1 F.L.P., Appeals § 152.
[2] Beagles v. Harrison, Fla.App. 1965, 171 So.2d 64; Tampa Transit Lines, Inc. v. Rodriguez, Fla.App. 1958, 100 So.2d 676; 2 Fla.Jur., Appeals § 316.
[3] Reynolds v. Aument, Fla.App. 1962, 137 So.2d 832; 2 Fla.Jur., Appeals §§ 326, 327; 1 F.L.P., Appeals § 157.
[4] F.S.A. § 90.231. "Expert witnesses; fee.  (1) The term `expert witness' as used herein shall apply to any witness who offers himself in the trial of any civil action as an expert witness or who is subpoenaed to testify in such capacity before a state attorney in the investigation of a criminal matter, or before a grand jury, and who is permitted by the court to qualify and testify as such, upon any matter pending before any court. (2) Any expert or skilled witness who shall have testified in any cause shall be allowed a witness fee including the cost of any exhibits used by such witness in the amount of ten dollars per hour or such amount as the trial judge may deem reasonable, and the same shall be taxed as costs."
[5] F.S.A. § 73.16. "Cost of proceedings.  All costs of proceedings shall be paid by the petitioner, including a reasonable attorney's fee to be assessed by the court, except the cost upon the appeal taken by a defendant, in which the judgment of the circuit court shall be affirmed."
[6] F.S.A. § 58.04. "Costs; recovery from losing party.  In all cases the party recovering the judgment shall recover also all his legal costs and charges, which shall be included in the judgment; but this section shall not be construed to relate to executors or administrators in cases wherein by law they are not liable to costs of suit. Such costs may be collected: (1) By execution upon the judgment aforesaid; or (2) By delivery to the sheriff of a taxed bill of costs approved by the judge of the court wherein the services have been rendered, which bill shall have the force and effect of an execution, and shall be collected by the sheriff as in other cases of execution."
[7] Fla. Const., Declaration of Rights, § 12, implemented by F.S.A. § 73.10.