PER CURIAM.
This is an appeal by the plaintiff from an adverse summary judgment. The action was for personal injuries received by the plaintiff in an automobile accident. Plaintiff was a passenger in a car driven by the defendant Donald G. Helm, allegedly with knowledge and consent of the owner, the defendant Alwin Helm. The complaint charged the defendant driver with gross negligence, the degree of negligence required to be established for recovery by an automobile guest passenger, under § 320.59 Fla.Stat., F.S.A. (in the absence of certain exceptions not applicable here).
The trial court upheld the sufficiency of the complaint on motion to dismiss, and the defendants answered admitting the allegations relating to the driving and the ownership of the car but denying the allegations of fault. When the cause came on for hearing on the motion of the defendants for summary judgment, there were before the court, in addition to the pleadings, certain answers of the parties to interrogatories, a deposi *319 tion of the defendant driver, and two affidavits submitted in opposition to the motion, one by the plaintiff and one by a traffic expert.
In summary, the disclosed facts, viewed in a light most favorable to the party moved against, showed that the incident occurred at about 8:30 o’clock P.M. while the plaintiff and the defendant driver were returning home from work; that they had finished work between 7:30 and 8:00 o’clock; that they had stopped somewhere for a few beers; that the defendant driver, varying his usual route, was proceeding south on a street in Dade County with which he was unfamiliar; that the speed limit there was 30 miles per hour and that the defendant driver was proceeding at a speed of 50 miles an hour or slightly more; that the driver encountered a curve which he was unable to negotiate, ran off the road and continued for a distance of 126 feet to a point where he collided with a utility pole; that the driver did not see any sign warning of the curve, and the record fails to reveal whether or not there was such a warning sign.
In Carraway v. Revell, Fla.1959, 116 So.2d 16, 22, quoting with approval from Bridges v. Speer, Fla.1955, 79 So.2d 679, 682, the Supreme Court, with reference to proof of gross negligence in a guest-passenger case under the Florida Statute, said:
“We think the rule which would more nearly solve the problem than any other would be one which recognized that simple negligence is that course of conduct which a reasonable and prudent man would know might possibly result in injury to persons or property whereas gross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property. To put it another way, if the course of conduct is such that the likelihood of injury to other persons or property is known by the actor to be imminent or ‘clear and present’ that negligence is gross, whereas other negligence would be simple negligence.”
Excessive speed alone is not sufficient to bring a case within the statute. O’Reilly v. Sattler, 141 Fla. 770, 193 So. 817; Orme v. Burr, 157 Fla. 378, 25 So.2d 870. The facts presented did not show the defendant driver to have been engaged in a course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to his passenger. Carraway v. Revell, supra.
Affirmed.