222 So.2d 418 (1969)
Wilbur Glenn HODGES, Jr., Petitioner,
v.
Alwin HELM and Donald G. Helm, Respondents.
No. 37167.
Supreme Court of Florida.
May 7, 1969.
*419 Irwin J. Block, Miami, for petitioner.
Edward A. Perse, of Carey, Dwyer, Austin, Cole & Selwood, Miami, for respondents.

ON REHEARING GRANTED
CARLTON, Justice.
This is an action for personal injuries sustained by petitioner while a passenger in respondents' automobile. The precise question here is whether or not the facts of the case demonstrate at least a prima facie showing of gross negligence sufficient to survive respondents' motion for summary judgment. We are of the opinion that they do.
The trial court upheld the sufficiency of the complaint itself on Motion to Dismiss, but after consideration of all interrogatories, affidavits and a deposition of the defendant-driver, the trial court granted summary judgment to the respondent. The Third District Court of Appeal affirmed per curiam but with opinion, 207 So.2d 318 (DCA-3, Fla. 1968).
According to the District Court, the operative facts characterized this case as one of "excessive speed alone" which would not satisfy the gross negligence requirements of Florida's Guest Statute, F.S. 320.59, F.S.A. The facts of the case are given in the District Court's opinion and will not be repeated here.
Petitioner brought his case to the attention of this Court by a petition for writ of certiorari in which conflict was alleged between the District Court's decision and the following cases arising out of the Second District: Myers v. Korbly, 103 So.2d 215 (DCA-2, Fla. 1958); Douglass v. Galvin, 130 So.2d 282 (DCA-2, Fla. 1961); and Reynolds v. Aument, 133 So.2d 562 (DCA-2, Fla. 1961). We granted the petition and have heard oral argument.
We acknowledge at the outset that the delimitation of "gross" or "wanton" negligence from other forms of negligence is neither conceptually satisfactory nor practically simple. See, e.g., Faircloth v. Hill, 85 So.2d 870 (Fla. 1956). The effect of having to resolve matters within this framework has been to force a case-by-case adjudication which admittedly has not satisfied the desire of the Bench and the Bar for definitive guide-lines. Often different Guest Statute cases have produced contrary results on facts which are without apparent distinguishing characteristics.
The instant case illustrates that the factor most often contributing to the confusion in cases where gross negligence must be proved is that of speed. It has been said that this Court is committed to the rule that excessive speed alone, without other factual evidence of negligence, is insufficient to constitute gross negligence. Cadore v. Karp, 91 So.2d 806 (Fla. 1956). *420 We affirm this position, but note that excessive speed can seldom be the sole factual basis for negligence. Speed is not abstract; it necessarily occurs in a context involving the condition of the road, the weather, the personal abilities or disabilities of the driver, the traffic and so forth. Thus, all of the circumstances of each case entering into the particular happening must be considered in order to determine whether liability exists. Dexter v. Green, 55 So.2d 548 (Fla. 1951).
Whether or not a composite situation evidences gross negligence is a jury question, subject, of course, to an initial determination by the trial judge that sufficient evidence of gross negligence exists to allow for consideration by the jury. Cormier v. Williams, 148 Fla. 201, 4 So.2d 525 (1941).
We think that, in the instant case, more than speed alone was presented as evidence of gross negligence. The driver was driving over 50 miles per hour in a 30-mile zone at night over an admittedly unfamiliar road after having "a few beers" when he was unable to negotiate a curve in the road. After the vehicle left the road, it continued for 126 feet until its progress was halted by a utility pole. Excessive speed, coupled with the existence of a curve, consumption of intoxicants and nighttime travel were recognized as sufficient to warrant determination beyond a summary judgment in the cases cited for conflict.
By reversing the District Court, we do not intimate any opinion as to whether or not the respondent has been grossly negligent. That is a question for a jury to decide. But we do think that sufficient facts are operative here to survive a motion for summary judgment.
It is often said that the distinctions between degrees of negligence is too complex to be left to the jury. However, we live in an age where few persons are not in daily contact with the operation of an automobile either as operators or as passengers. Certainly a jury composed of citizens experienced in the ordinary affairs of life, and properly guided by the instruction of the court, should have been allowed to decide whether the respondent's driving in the instant case was within, or without, the confines of the Guest Statute's limitations.
It is our conclusion that petitioner's evidence was sufficient to establish a prima facie case and that the trial court erred in granting a summary judgment for the respondent. This case is remanded to the Third District Court of Appeal for further proceedings in accordance with this opinion.
It is so ordered.
ERVIN, C. .J, and ROBERTS, DREW, THOMAS (Retired) and CALDWELL (Retired) JJ., concur.