WILLIAMS, ROBERT L., Associate Judge.
This is an appeal from an order granting a Motion for Directed Verdict and Final Judgment entered in favor of the Defendants-appellees after a jury verdict had been returned in favor of the Plaintiffs-appellants.
This cause arose in the Circuit Court of Broward County, Florida, where the plaintiff, Jean Sampson, natural mother of Leonard S. Sampson, a minor, deceased, and Jean Sampson, as Administratrix of the Estate of Leonard S. Sampson, a minor, deceased, filed her complaint as amended on February 7, 1969. The complaint contained a survivor action of the Administratrix against the defendant Sla-ton Chevrolet, Inc., for gross negligence. The Administratrix sought recovery of loss of probable accumulations to the decedent’s Estate and funeral and burial expenses. The complaint also contained a count for the wrongful death of the minor, wherein the natural mother of the decedent sought damages for the loss of services during the minor’s minority and for her mental pain and suffering, medical and surgical expenses incurred on behalf of the deceased minor.
The defendant, Slaton Chevrolet, Inc., filed its answer in the nature of a general denial and pleading the Guest Statute as one of its defenses.
This cause proceeded to trial by jury on September 15, 1969, resulting in a verdict at the hands of the jury for the plaintiff, Jean Sampson, as natural mother of Leonard S. Sampson, a minor, deceased, and against Slaton Chevrolet, Inc., in the amount of $10,000.00. The jury also returned a verdict for the plaintiff, Jean Sampson, as Administratrix of the Estate of Leonard S. Sampson, a minor, deceased, and against Slaton Chevrolet, Inc., in the amount of $2,500.00. Thereafter, on September 24, 1969, the defendants made a Motion for a Directed Verdict, pursuant to Rule 1.480, Florida Rules of Civil Procedure, 30 F.S.A., alleging that the testimony viewed in its most favorable light to the plaintiff, proved only simple negligence against the defendants. As a result thereof, the trial court entered the order granting the Motion for Directed Verdict, setting aside the jury verdict and entered final judgment in favor of the defendant, Slaton Chevrolet, Inc.
*285 The essential factual dispute is that on May 16, 1967, at approximately 4:00 p.m., the defendant, Slaton Chevrolet, Inc., by its driver, one Ronald David Cole, was driving a 1967 Chevrolet pickup truck and the plaintiff decedent, Leonard S. Sampson, was riding as a passenger in the front seat. A collision occurred between the Slaton Chevrolet, Inc. truck and a Volkswagen operated by one Alan Gordon Malcolm, which was proceeding east on S.E. Twelfth Street, in Ft. Lauderdale. As a result of the collision, Leonard S. Sampson died. The collision occurred at the intersection of S.E. Third Avenue and S.E. Twelfth Street, which is controlled by a three-way signal device, that being a green, amber and red traffic light. The evidence establishes that the Volkswagen automobile was stopped at the traffic signal, headed in an easterly direction on S.E. Twelfth Street. When the light turned green, he proceeded into the intersection and was approximately four-fifths of the way through the intersection when his vehicle was struck by the defendant’s driver, who did not stop at the intersection, without looking to his right or his left.
The point involved in the appeal is whether or not the court erred in granting defendants’ Motion for a Directed Verdict and ruling as a matter of law that under the evidence adduced at the trial when viewed in its most favorable light to the plaintiffs, no reasonable theory or lawful inference could support the finding of gross negligence by the jury.
It is our opinion that the facts presented in this case fall within these guidelines set forth by the Supreme Court in Hodges v. Helm, 222 So.2d 418, which provides:
“It is often said that the distinction between degrees of negligence is too complex to be left to the jury; however, we live in an age where few persons are not in daily contact with the operation of an automobile, either as operators or as passengers. Certainly, a jury composed of citizens experienced in the ordinary affairs of life and properly guided by the instructions of the court, should have been allowed to decide whether the respondents driving in the instant case were within or without the confines of the Guest Statute limitations.”
In accordance with the foregoing, the judgment appealed from is reversed and remanded with direction that the jury verdict entered in this cause be reinstated.
Reversed and remanded.
WALDIN, and REED, JJ., concur.