259 So.2d 515 (1972)
CITY OF MIAMI BEACH, a Florida Municipal Corporation, Appellant,
v.
LIFLANS CORPORATION, a Florida Corporation, Appellee.
No. 71-652.
District Court of Appeal of Florida, Third District.
March 14, 1972.
Rehearing Denied April 12, 1972.
Joseph A. Wanick, City Atty., for appellant.
Kelly, Black, Black & Kenny, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and CHARLES CARROLL, JJ.
CARROLL, Judge.
On September 1, 1967, the City of Miami Beach filed an action in eminent domain against Liflans Corp., a landowner, and Connecticut General Life Insurance Company, a mortgagee.
The property involved fronted on the Atlantic Ocean. By its proceedings the city sought to condemn certain rights of the upland owner with reference to the foreshore lying beyond the high water line, in advance of proposed beach extension and restoration there. Following extensive discovery proceedings, and the trial of the cause, judgment was rendered in favor of the city, upon a verdict of a jury which found the owner was not entitled to any amount of compensation therefor. By a separate and subsequent order the trial court granted the owner's motion for costs, including fee charges of its expert witness (appraisers and engineers), and awarded an amount for the services of the defendant owner's attorneys. In said order the court reserved ruling on a motion of the mortgagee-insurance company to tax costs *516 and allow attorney fees in its favor. Cf. Shavers v. Duval County, Fla. 1954, 73 So.2d 684, 687-688.
On appeal therefrom the city contends first that because the jury determined that the owner should not receive compensation for the rights which the city obtained by condemnation, the court should not have awarded such costs and attorney fees to the defendant owners, and second that the costs and fees allowed were excessive.
We hold neither contention has merit. The owner was made a defendant in the condemnation action. The question of the value of the property or rights therein which were taken by the city on condemnation was the subject of extensive litigation in the cause. In Chapter 73 Fla. Stat., F.S.A., relating to eminent domain, § 73.091 provides: "The petitioner shall pay all reasonable costs of the proceedings in the circuit court, including a reasonable attorney's fee to be assessed by that court." Allowance of such costs and attorney fees was proper and in accordance with the statute, notwithstanding the jury awarded zero compensation. Compare City of Hallendale v. Chatlos, Fla. 1970, 236 So.2d 761. Moreover, the right of the landowner to be awarded its costs and attorney fees was not objected to or questioned by the city in the trial court. See Nelson v. Selden Cypress Door Co., 78 Fla. 203, 83 So. 286. The costs allowed, while substantial in their amounts, were proper in consideration of the record and the findings made by the trial court in the allowance thereof, under authority of Dade County v. Brigham, Fla. 1950, 47 So.2d 602. The attorney fees allowed by the trial court were well within the range of the testimony, relating to reasonable fees for the attorneys' services, of an expert witness produced by the landowner and one produced by the city. While the court was not bound by such testimony, we cannot fault the court for following it. We conclude that the appellant city has not shown that the amount of the costs and fees allowed were such as to constitute an abuse of discretion by the trial court.
Affirmed.