PER CURIAM.
Appellant, condemner in the trial court, seeks review of that portion of an order and judgment taxing costs, awarding a total of $62,572.75 as reasonable fees for appraisal services.
This appeal evolves out of a condemnation suit filed by the State of Florida Department of Transportation to condemn certain lands owned by the appellee herein, Condominium International, Inc. The Department of Transportation in its declaration of taking estimated the value of the property to be condemned to be $543,200. The condemnee placed the value thereof between $1,926,000 and $2,070,900. No settlement offers were made by the appellant, and the trial which was scheduled for January 1974 was postponed several times. Ultimately the case was tried in November 1974, and the jury returned a verdict for $1,410,625 in favor of the appellee. The trial itself involved complex appraisal problems, as well as substantial and unique questions of law. Thereafter, appellee filed a motion to tax costs with an affidavit of costs attached thereto. Counsel for the respective parties agreed to all the items contained therein with the exception of the fees for William Pardue, M.A.I. and David P. Bishop, A.S.A., who were the two appraisers employed by the appellee. After an evidentiary hearing with respect to the appraisal fees, the trial judge entered his order and judgment taxing costs, awarding William Pardue $37,572.75 and David Bishop $25,000 as reasonable appraisal fees.[1] The Department of Transportation Appeals therefrom. We affirm.
In a condemnation proceeding, a landowner is entitled to an allowance of an appraiser’s fee in such an amount as is reasonable and necessary. Dade County v. Brigham, Fla.1950, 47 So.2d 602; Cheshire v. State Road Department, Fla.App.1966, 186 So.2d 790.
At the evidentiary hearing, the appraisers testified as to the complex appraisal problems involved in this condemnation suit and the amount of time expended in this matter. Appellee also presented the testimony of another expert witness who testified that the appraisal fees were reasonable and necessary. In contrast, appellant presented no expert testimony with regards to reasonableness of the appraisal fee or the value of the appraisers’ services. Hence, we conclude that there was adequate testimony presented to the trial judge to support the amounts awarded as appraisal fees and no abuse of discretion has been made to appear.
Accordingly, the order and judgment taxing costs is affirmed.

. Appellee in its affidavit of costs had listed $37,572.75 as Pardue’s fee and $25,000 as Bishop’s fee.