407 So.2d 920 (1981)
Arnold P. LEEDS, Appellant,
v.
CITY OF HOMESTEAD, a Municipal Corporation Organized and Existing under the Laws of the State of Florida, Appellee.
No. 81-44.
District Court of Appeal of Florida, Third District.
November 17, 1981.
Rehearing Denied January 12, 1982.
*921 Brigham, Reynolds, Byrne & Moore and Celeste Hardee Muir, Miami, for appellant.
Frank B. Pridgen, Miami, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The order under review denied Leeds' motion to tax as costs the fees of an engineer employed by Leeds to give expert testimony. The engineer's testimony was that the faulty operation of a sewerage lift station constructed by the City of Homestead on that portion of Leeds' property taken by the City under its power of eminent domain[1] resulted in the emission of noise, noxious odors and effluent and decreased the value of the adjoining property still owned by Leeds.
The damages to Leeds' property which were sought to be established by the testimony of the engineer were not damages caused by the taking, but instead, damages resulting from the manner in which the lift station was constructed. Such consequential damages must be sought by a separate claim in tort and are not severance damages recoverable in eminent domain proceedings. Kendry v. Division of Administration, Department of Transportation, 366 So.2d 391 (Fla. 1978); Division of Administration, Department of Transportation v. Hillsboro Association, Inc., 286 So.2d 578 (Fla. 4th DCA 1973). While it is true, as Leeds contends, that (a) a landowner's expert witness fees are recoverable as costs in eminent domain proceedings, Dade County v. Brigham, 47 So.2d 602 (Fla. 1950); (b) it is not essential to the recovery of such fees that the landowner succeed in recovering the damages which the expert's testimony establishes, Hodges v. Division of Administration, Department of Transportation, 323 So.2d 275 (Fla. 2d DCA 1975); City of Miami Beach v. Liflans, 259 So.2d 515 (Fla. 3d DCA 1972); and (c) where the hiring of the expert is necessary to put the landowner on an equal footing with the condemning authority, the fact that the expert does not actually testify (or, in the present case, the ultimate rejection of his testimony) is not an impediment to the recovery of the expert's fees,[2]Dade County v. Renedo, 147 So.2d 313 (Fla. 1962); Cheshire v. State Road Department, 186 So.2d 790 (Fla. 4th DCA 1966), it is nonetheless essential that the expenditure of such fees be reasonably and necessarily incurred in relation to a proper issue in the case. See Hodges v. Division of Administration, Department of Transportation, supra; Cheshire *922 v. State Road Department, supra. Because the expert's testimony related to damages predictably not recoverable in the eminent domain proceedings, we find no abuse of discretion in the trial court refusing to tax the expert witness' fees as costs.[3]
Affirmed.
NOTES
[1] Leeds had ostensibly sold the land to the City, and the City constructed the lift station. Leeds later disputed any sale and brought a complaint alleging trespass and inverse condemnation. The City, pursuant to a court order that no effective sale had occurred, filed a petition in eminent domain proceedings and declaration of taking so as to legally acquire the land.
[2] Leeds' contention that he was compelled to hire his expert to combat contrary testimony of the City's experts is totally without merit. The City's position throughout the proceedings below was that the damages sought to be proved by Leeds through his expert were not recoverable. While the City was prepared to show that the lift station operated properly and did no damage to Leeds' property, that was a fall back position for the City, not one it was required to prove and Leeds required to rebut.

Leeds' alternative contention that his need for an expert was occasioned by the trial court's initial ruling that it would hear the testimony offered is equally without merit. Leeds did not obtain the expert in reliance on this ruling, and the trial court's willingness to hear him out, over the City's continued objection, did not make the expert's testimony necessary to any real issue and cannot enhance Leeds' right to recover the cost of the expert.
[3] There is neither any factual basis, nor any factual finding, that the condition created by the sewerage lift station constituted an appropriation of, as distinguished from damage to, such property. Compare Kendry v. Division of Administration, Department of Transportation, supra. We cannot say that this question was so close that even though determined against Leeds the trial court abused its discretion in not awarding fees. Compare Hodges v. Division of Administration, Department of Transportation, supra.