B. F. PATY, et al., v. TOWN OF PALM BEACH, a municipal corporation

29 So. (2nd) 363
February 4, 1947
Rehearing denied March 26, 1947

January Term, 1947
Division B

C. D. *Blackwell,* for appellant.

*Alley, Drew, Burns & Middleton, R. C. Alley, E. Harris Drew, C. Robert Burns* and *Elwyn L. Middleton,* for appellee.

BARNS, J.:

The trial court sustained a demurrer to the appellant's declaration and, appellant not electing to further amend, the Court entered a final judgment against the appellant-plaintiff and he appeals and assigns as error the sustaining of defendant's demurrer.

The substance of the question presented as flowing from appellant's assignments of error is:

"Is a trespass or wrong made to appear when a municipal corporation builds a groin from the shore of the Atlantic Ocean out into the waters of the ocean, and the groin changes the natural action and the currents of the ocean so as to cause them to whip around to the south of the groin and to beat against and to excessively wash away plaintiff's land?"

The question states the substance of plaintiff's declaration. The rights of private owners as well as the rights of the public depend somewhat on the character of the water on which the land borders and the nature of the proprietary interest in the land both below and above the surface of the water. The waters of the sea are usually considered a common enemy. (See note in 6 L.R.A.N.S. 162.)

For other relative cases not deemed applicable here see Kalenkamp et al. v. Union Realty Co. 53 Pac. (2nd) 387, and 93 Pac. (2nd) 1035; Revell v. People, 177 Ill. 468, 52 N.E. 1052, 69 Am. St. Rep. 257.

The City of Palm Beach by Section 4, of Chapter 21469, Acts 1941, has been authorized to protect its Ocean Boulevard and the lands lying westerly thereof against danger of destruction because of action of the sea by the construction of seawalls, bulkheads and groins.

"Any injury or damage which is occasioned by the doing of a lawful act or the exercise of a legal right, or by doing a thing, authorized by law, in the authorized way, is damnum absque injuria. Damage resulting from such an act, to be actionable, must be coupled with some negligence or misconduct, or the act must have been done at a time, or in a manner, or under circumstances, which render the actor chargeable with want of proper regard for the rights of others. In doing a lawful thing in a lawful way no legal right is invaded, although the act may result in damage to another.

". . . Nor can an action be maintained for damages resulting to individuals from acts done by persons in the execution of a public trust and for the public benefit, acting with due skill and caution and within the scope of the authority.

". . . Nevertheless, the mode of exercising a legal right, where there is a choice of means, may of itself give a cause of action, and an act which, in many cases, is in itself lawful, becomes unlawful when by it damage has accrued to the property of another, especially if it is such an act as is calculated, in the ordinary course of events, to damage another if done intentionally and without just cause or excuse." 1 Am. Jur. Sec. 33, pages 425, 426.

It appears that the appellee is sued for doing of an authorized act and the exercise of a lawful right and that the damages were without wrong.

Affirmed.

THOMAS, C.J., BUFORD and ADAMS, JJ., concur.

