PER CURIAM.
Appellant raises only one meritorious point on this appeal from an order awarding costs in a condemnation suit, and that relating to the award for appraiser fees.
Appellee County offered $7,500 for appellant’s parcel, which was rejected. A jury awarded appellant $10,500. Thereafter, appellant sought an award for certain costs and fees including appraiser fees for two appraisers. No dispute exists as to the reasonableness of the fees claimed by each appraiser nor did the trial court determine that two appraisers were unnecessary. The court was of the view, however, that because the jury award was only $3,000 in excess of the good faith offer and deposit made by the County, and because- appellant’s parcel was not large nor the issues involved in its taking complicated, appellant was entitled only to what was in essence one reasonable appraiser’s fee, which the court set in the approximate amount sought severally for each of the appraisers. He ordered it split almost equally between them. We think the court was wrong.
While it is true that it is the duty of the trial court after a condemnation suit to inquire into the items of costs and to be satisfied in his discretion that appraisers or other experts are not too numerous nor their -charges improper,[1] it is nevertheless also well settled in this state “ . . . that a property owner whose land is taken from him upon the theory of a genuine public need therefor does not receive ‘just’ or ‘full' compensation if he is required to pay such expert witnesses from the monies received for the value of his land and that upon the issue with reference to the value of the land sought to be taken he should be accorded the right to meet the condemning authority upon an equal footing without loss to himself.” [2]
We would think that two appraisers, per se, do not necessarily put appellant on a superior footing with the County if the County only has one. But in any case, the •trial court here determined that it was not unreasonable for appellant to retain two appraisers. Indeed, each was awarded a fee. As noted, however, the total of the fees merely approximated a reasonable fee payable for one. Under the facts herein, and in accord with the foregoing authorities, we think this was an abuse of the discretion called for and that appellant was entitled to a “full” reasonable fee for each appraiser, not merely the approximate equivalent of a single reasonable fee for just one. Particularly is this so when, as the record herein reflects, no objections or questions were raised on the point either by the court or the County at the pre-trial procedures and conferences, at which notice was given of appellant’s intention to use two appraisers.
In view whereof, the order appealed from should be, and it is hereby, reversed insofar as it relates to the award of appraisers’ fees; and the cause if remanded for further proceedings with respect thereto not inconsistent herewith. In all other respects the order is affirmed.
*882 McNULTY, C. J., and BOARDMAN, J., concur.
GRIMES, J., concurs specially with opinion.

. See Dade County v. Brigham, (Fla.1950), 47 So.2d 602.

. See Florida East Coast Railway Co. v. Martin County (Fla.1965), 171 So.2d 873.