BOLIN, Judge.
When this trip and fall case was first before us we affirmed the judgment denying plaintiffs [husband and wife] the right to recover because of the wife’s contributory negligence. 328 So.2d 880 (La.App. 2nd Cir., 1976). The Louisiana Supreme Court granted certiorari, reversed and remanded the case to this court for the assessment of damages. 336 So.2d 796 (La.1976).
Since all background facts are set forth in the previous opinions, we shall not restate them in detail.
On March 5, 1974, Mrs. Ferrington fell in defendants’ grocery store and landed on her knees, hands and stomach. She immediately began to vomit blood. She was taken to the emergency room of the hospital where she was seen by Dr. Winters, her family physician, who admitted her to the hospital and administered medication to stop the bleeding. X-rays revealed there were no broken bones. ■ She was diagnosed as suffering from bruised knees, contusions, vomiting blood, and stomach ulcer. Six days later her condition stabilized and she was sent home.
Although she missed some time from her job because of her health problems, Mrs. Ferrington, in her late fifties, worked regularly as a nurse’s aid for several years before the accident. She has not worked since that time and claims permanent inability to work as a result of the accident. In the lower court plaintiffs attempted to attribute to the fall her many complaints, such as stomach ulcers, bleeding, hypertension, pains in her back, knees and hip, and in the joints of her hands and thumbs. She testified that prior to the accident she had no ulcer, back trouble or hypertension, but this testimony was refuted by the medical evidence.
In this court plaintiffs do not contend the accident was the sole cause of Mrs. Ferring-ton’s present ailments, but merely that it aggravated any preexisting condition from which she was suffering.
Mrs. Ferrington was off from work the week before the accident and Dr. Winters gave her injections for back pains and arthritis on the morning of March 5,1974, and discharged her to return to work. Later, on that same day, Mrs. Ferrington fell, allegedly causing the injuries for which this suit was brought. Suit was filed in August, 1974 and tried in March, 1975.
Dr. Winters reviewed Mrs. Ferrington’s medical history and testified he had periodically treated her for back pain, degenerative arthritis, and stomach trouble since 1964. He noted she made no complaints referable to her back immediately following the accident nor during her hospitalization. He testified Mrs. Ferrington’s fall could have aggravated her pre-existing ailments; in any event, considering her total condition, she was unable to return to work. However, he testified her ailments pre-dat-ed the fall and were chronic in nature; that he believed anyone would be justified in not hiring her if she were suffering from any one of the ailments; that “in this day and time we find that people have difficulty getting jobs when they have high blood pressure, back problems, or peptic ulcers.”
Mrs. Ferrington was examined by Dr. Rambach, orthopedic surgeon, in May 1974; *389 by Dr. Hand, orthopedic surgeon, and by Dr. Phillips, an internist, in January, 1975. These doctors were of the opinion the fall could have and probably did aggravate Mrs. Ferrington’s ailments. However, these doctors agreed that any aggravating effect of the fall should have terminated within four or five months and that her condition at the time of trial, twelve months after the accident, was no worse than it would have been had she never had the accident.
We find Mrs. Ferrington’s health problems for a period of four or five months following the accident were aggravated by her fall. However, we find that within six months she had returned to approximately the same condition she would have been in if she had not fallen, and that her injuries, while painful and temporarily disabling, did not cause her inability to return to work.
There is now judgment in favor of plaintiff Robert Claude Ferrington and against defendants in the following amounts, plus costs and legal interest from judicial demand until paid: hospital and medical expenses $665.30; loss of six months’ wages for Vergie Ferrington, $1,872.00; and in favor of Vergie Ferrington for physical pain, suffering and temporary disability, $5,000.00.