PER CURIAM.
In the fall of 1975, the Chief Judge of the Eleventh Judicial Circuit in and for Dade County, Florida, appointed Judge Thomas G. O’Connell (a County Judge of Dade County) as Acting Circuit Judge for the period from October 13, 1975 through November 7, 1975. Said orders of appointment read, in part, as follows:
ifc Sfc Sfc 5{C # *
“ * * * to hear, conduct, try, and determine the cause or causes which shall be presented to him as a temporary and Acting Judge of said Circuit Court, and thereafter to dispose of all matters considered by him during said period.” [emphasis added]
* * * sic * *
During this period of time, Judge O’Connell tried the matter of Biscayne Construction, Inc. v. Wesley Construction Company, Circuit Court Case No. 69-10902. This culminated in a jury verdict for the plaintiff and a final judgment in its favor was entered by Judge O’Connell on November 7, 1975.
Thereafter, and without any further administrative orders assigning Judge O’Connell to duty on the circuit bench, he undertook to entertain post-trial motions filed by the parties.[1] Early in 1977, upon motions filed by Biscayne Construction, Inc., he entered an order on a motion to impose sanctions and petition for injunction and appointment of receiver on February 22, 1977. Upon the filing of this latter order, Wesley Construction Company filed a notice of interlocutory appeal and an application for constitutional writ. Following a review thereof, the court determined to treat the matter as a suggestion for writ of prohibition; it thereupon issued a rule nisi.
The principal matter for consideration and determination in this appeal is whether or not the phrase “thereafter to dispose of all matters considered by him during said’ period” will enable Judge O’Connell to entertain and rule on motions (other than those going to the validity of the judgment, as noted in footnote [1]) presented to him after the expiration of his assignment to the circuit court.
We hold that by the very language of the administrative orders only those matters presented to him during the period of his appointment could be disposed of subsequent to the expiration of the temporary term of his appointment to the circuit court (except post-trial motions, as noted in footnote [1]). He was not appointed for a fixed term and thereafter to dispose of all motions or matters which might be presented to him subsequent to the term of his appointment, relating to the causes which he considered while sitting as a circuit judge. But, as aforementioned, the administrative order, by its very terms, limited those matters that could be considered after the expiration of the assignment period to those *444 that had been “presented to him * * * and * * * considered by him during said period”. The Chief Judge of the Circuit could, of course (subsequent to the initial term of assignment) assign Judge O’Connell to dispose of motions to enforce the judgment in Biscayne Construction, Inc. v. Wesley Construction Company, but this he has not done by the original administrative orders entered in the fall of 1975. There is no doubt that the Chief Judge had the power to appoint Judge O’Connell as an Acting Circuit Judge and there is no doubt that Judge O’Connell qualified to sit as an Acting Circuit Judge. The problem was created by the administrative order, which is self-limiting by its very terms.
Therefore, after the expiration of November 7, 1975, Judge O’Connell was without jurisdiction to act as a circuit judge except in matters that may have been presented (except those as noted in footnote [1]) and considered by him during his period of appointment. It being apparent that the matters upon which he is purporting to act on at the present time were not presented to him during his period of assignment to the circuit bench, he is without jurisdiction to entertain and rule on them, and the rule absolute in prohibition should issue.[2] However, a formal rule will not issue at this time, because the court is confident that Judge O’Connell will not attempt to act as a Circuit Judge pursuant to the administrative orders entered in 1975 in Biscayne Construction, Inc. v. Wesley Construction Company, Circuit Court Case No. 69-10902, in light of the above opinion.[3]

. Post-trial motions that go to the validity of the judgment, such as motions for new trial and petitions for rehearing, necessarily must be heard by the temporarily assigned judge because a successor or substitute judge may not overrule a predecessor judge’s action in the cause by the granting of a new trial. Lawyers Co-Operative Pub. Company v. Williams, 149 Fla. 390, 5 So.2d 871 (1942); Groover v. Walker, 88 So.2d 312 (Fla.1956); Epperson v. Epperson, 101 So.2d 367 (Fla.1958); City of Miami Beach v. Chadderton, 306 So.2d 558 (Fla. 3rd D.C.A. 1975).

. The respondent contends that this issue was determined in Wesley Construction Company v. Biscayne Construction, Inc., 341 So.2d 786 (Fla. 3rd D.C.A. 1977). An examination of the cited opinion clearly indicates to the contrary, as the opinion contains the following:
‡ * 4$ * # *
“Appellant has assigned numerous errors which it contends entitles it to a reversal of the order appealed. We, however, find no useful purpose in discussing all of the alleged errors in that the following is dispositive of this appeal.”

. In view of the disposition of this matter, the merits of the order entered by Judge O’Connell on February 22, 1977 have not been reached in this opinion.