524 So.2d 1064 (1988)
COUNTY OF SARASOTA, a Political Subdivision of the State of Florida, Appellant,
v.
Selva L. BURDETTE, U Tote-Em, Inc., and Young's Auto Parts, Appellee.
No. 87-410.
District Court of Appeal of Florida, Second District.
April 15, 1988.
*1065 T.R. Kinsella of Nelson Hesse Cyril Smith Widman & Herb, Sarasota, for appellant.
Alan E. Deserio of Brigham, Moore, Gaylord, Schuster & Sachs, Tallahassee, for appellee.
FRANK, Judge.
Sarasota County initiated an eminent domain proceeding seeking to acquire title to portions of twenty-three parcels of land with frontage along the Bee Ridge Road for the purpose of widening the road. Following the trial a hearing was conducted in connection with fees and costs. See § 73.091, Florida Statutes (1985). The County has appealed from the orders taxing fees and costs on parcels 3 and 17. Parcel 3 is owned by Luther and F. Jane Young, who operate an auto parts business and garage on the premises. Parcel 17 is owned by Charlie Puckett who leases it to a utility company and a chiropractic clinic. Fees and costs totalling $48,715.57 were awarded to the Youngs, and Puckett was awarded fees and costs for parcel 17 in the amount of $25,708.
We begin our analysis of each of the County's points by rejecting the contention that the trial court erred in awarding fees and costs for the services of Dunham, a property appraiser. Dunham was retained by the Youngs to review the effect of the taking and render a preliminary opinion as to the square foot value of the property for the purpose of providing the Youngs with some basis for evaluating the County's offer. Dunham was paid $750 for his services. The record discloses that his involvement was early in the proceedings and he did not testify at trial. The County asserts that Dunham's fee is unnecessary and unreasonable because he did not testify at the trial and, therefore, he does not qualify as an expert witness under section 92.231, Florida Statutes (1985). The County also urges the notion that his service was duplicated by the efforts of Larry Sewell, a *1066 property appraiser, who did testify at the trial. We disagree.
The employment of Dunham was for the sole purpose of obtaining a preliminary appraisal opinion. Once it became certain that the matter was not going to be settled, the Youngs employed Sewell, an appraiser who is experienced in the trial of eminent domain cases. In Cheshire v. State Road Department, 186 So.2d 790 (Fla. 4th DCA), cert. denied, 192 So.2d 493 (Fla. 1966), the court held that the fee for an appraiser retained to determine the sufficiency of the value asserted by the court-appointed appraisers should be allowed even though the appraiser does not testify at trial. Id. at 792. The fee is subject, of course, to the tests of reasonableness and necessity. In short, the fact, standing alone, that Dunham did not testify does not preclude the award of a reasonable fee. See Canal Authority v. Ocala Manufacturing Ice and Packing Co., Inc., 253 So.2d 495, 496 (Fla. 1st DCA 1971), cert. denied, 259 So.2d 715 (Fla. 1972). We find no merit in the County's challenge to Dunham's fee.
Dailey, a land planner, was retained by the Youngs and Puckett to evaluate and propose alternate uses for parcels 3 and 17. He did not testify at trial. The County has objected to the award of his fee on the same ground relied upon in disputing Dunham's fee. Cheshire also controls the correctness of the Dailey fee. We are unpersuaded by the County's additional assertion that Dailey's efforts were duplicated by Sewell and hence should not be compensated. Dailey directed his efforts at evaluating the remaining property in terms of use following the taking, access to the rear street, the resulting effect on traffic patterns, and positioning of the well and septic tank. The loss of a substantial amount of the pre-taking parking on parcels 3 and 17 created a need for an opinion on the potential for the relocation, if possible, of parking. Sewell, an MAI appraiser, spent his time, in contrast to Dailey's activities, placing a value on the property based upon comparable sales in the area. Sewell did testify at trial and his testimony focused on the value of the property in order to establish a price per square foot that should be paid by the County. That aspect of his testimony which related to damages and the potential for a partial "cure" for the deprivation of a portion of the land reflected his conjoined efforts with Dailey to achieve realistic ways to reconfigure parking on the site. Contrary to the County's argument we find no duplication of effort.
Although we find no abuse of discretion in the award of a fee for Dailey's participation, the actual award, $1,440.79, was in excess of the fee that Dailey claimed entitlement to at the hearing. Dailey testified that his bill for both parcels totalled $1,255.78. Counsel for the defendants suggested that the trial court divide the bill evenly between the two parcels. The affidavits, however, reflect that Dailey was paid $827.90 for parcel 3 and $612.89 for parcel 17. Thus, upon remand, the fee of $1,255.78, not $1,440.79, should be evenly divided between the two parcels with a resulting credit to the County of $185.01.
The County also challenges the award of costs for certain exhibits. Such costs include copies of depositions and photographs. The costs totalled $793.86 for parcel 3 and $444.72 for parcel 17.
The County claims, inter alia, that reimbursement for the costs of depositions not used at trial was error. Section 73.091, Florida Statutes (1985), states that: "The petitioner shall pay all reasonable costs of the proceedings in the circuit court, including a reasonable attorney's fee to be assessed by that court." In resolving the questioned costs for depositions, we rely on our sister court's statement in Plante v. Canal Authority, 218 So.2d 243, 248 (Fla. 1st DCA 1969), that "whether it was reasonably necessary for appellants to take the discovery depositions procured in this case in order to properly prepare their defense to the action was a matter for the trial judge to decide in the exercise of a sound discretion." The taking of discovery depositions does not appear unreasonable in the present setting. The initial offer by the County for parcel 17 was 96% less than the amount awarded in the final judgment. *1067 The Youngs, owners of parcel 3, were awarded 64% more than the initial offer. Given the disparity between the offers and the ultimate awards, we can readily see how depositions were essential to determine the elements associated with a reasonable value for the land. We find no abuse of discretion in the grant of costs for the deposition. Plante. Likewise, we find no abuse of discretion in the award of costs for photographs and copies. See Plante; c.f. Inland Waterway Development Co. v. City of Jacksonville, 38 So.2d 676 (Fla. 1948).
The County's attack upon the trial court's order includes that aspect awarding a $19,322.20 fee for the services of Jim Zook, a civil engineer. The County contends that Zook testified to the same matters at trial as Sewell, the property appraiser, and hence, his services were duplicative. Our review of the record leads to the conclusion that Zook's testimony was not repetitive of Sewell's.
One of the key concerns in this proceeding was the loss of parking on parcel 3 and the resulting effect on the Youngs' auto parts and garage business. Zook's testimony dealt primarily with the features of the site before and after the right-of-way was taken. The continued vitality of the existing businesses on parcel 3 was called into question due to the limited availability of parking following the taking. Zook proposed alternatives in resolution of the parking problem. Zook's study encompassed visiting the site and making field measurements in order to construct a field survey. Based upon this data, Zook testified as to his opinion of the parking and maneuvering situations before and after the taking. Zook spent time with Sewell discussing the possibility of a remedy for the parking dilemma. Similarly, Puckett's parcel 17, occupied by a utility company and a chiropractic clinic, was faced with the loss of parking, a central issue in the proceedings. Zook's testimony pertinent to parcel 17, although not as lengthy as his testimony concerning parcel 3, dealt specifically with Puckett's future parking problems. Although Sewell testified in great detail about specific comparable sales, appraisal techniques and other areas which affected the value of the parcels, and the effect of the loss of parking on value, his testimony was not as detailed as Zook's. We find no abuse of discretion in the award of Zook's fee. Dade County v. Brigham, 47 So.2d 602 (Fla. 1950).
Finally, we agree with the County's challenge to the award of costs for Dax Payne, an accountant employed by the Youngs to determine business damages. On the second day of the trial, the Youngs abandoned their claim for business damages. We have carefully analyzed the question of whether the Youngs are entitled to reimbursement for Payne's fee and we are unable to find an acceptable basis for its allowance. Moreover, notwithstanding the statutory purpose to insure that condemnees do not experience uncompensated detriment, we have not been directed to nor has our independent research disclosed any authority, either analogously or directly pertinent, upon which to sustain the award of Payne's fee. Accordingly, the trial court erred in assessing the County with Payne's fees.
Based upon the foregoing, we affirm in part, reverse in part and remand for the entry of modified orders taxing costs and fees in conformity with this opinion.
LEHAN, A.C.J., and PARKER, J., concur.