GRIFFIN, Judge.
In these consolidated appeals, the City of St. Cloud (“St. Cloud”) seeks review of an order awarding expert witness fees to Mau-ry L. Carter (“Carter”) in a condemnation proceeding. Carter seeks review of an order denying him an award of certain costs. The condemnation award, which was previously affirmed by this court,[1] arose out of an eminent domain action brought by St. Cloud to condemn property for an electric transmission line easement. Carter owned one of the parcels of land involved in the condemnation proceeding. The parcel was located about six miles east of St. Cloud and was part of a larger, mostly unimproved tract of land owned by Carter consisting of more than 10,000 acres.
A four-day hearing on St. Cloud’s declaration of taking was conducted before retired Judge Volie Williams in May, 1987. Judge Williams’ authority to hear the matter was apparently[2] based on a special order of the Supreme Court of Florida, which the parties agree stated in pertinent part as follows:
WHEREAS, it officially has been made known to me that it is necessary to the dispatch of business of the Ninth Judicial *180 Circuit Court of Florida that a judge be temporarily assigned to duty in that court;
NOW, THEREFORE, I, Parker Lee McDonald, under authority vested in me as Chief Justice of the Supreme Court of Florida ... do hereby assign and designate Judge Volie A. Williams, Jr. (Retired) to proceed to the Ninth Judicial Circuit Court of Florida, and on May 18, 19, 20, 21, and 22, 1987, to hear, conduct, try, and determine the causes which shall be presented to him as a temporary judge of said court and thereafter to dispose of all matters considered by him on said dates.
Judge Williams’ order confirming the taking was entered June 3, 1987. Two years later, in September, 1989, the issue of just compensation, presided over by Judge Kirkwood, was tried to a jury. The jury returned a verdict awarding Carter $117,-000 in damages for the taking of the easement and $300,000 in severance damages.
Carter subsequently sought payment for costs and fees under section 73.091, Florida Statutes (1987) for both proceedings. Upon motion by St. Cloud, and over objection by Carter, Judge Kirkwood referred that portion of the motion concerning costs related to the condemnation hearing to Judge Williams, who had heard that portion of the trial; however, no additional order of assignment was issued by the Florida Supreme Court. Judge Williams denied certain of the costs claimed by Carter.
On appeal, Carter contends that Judge Williams was without jurisdiction to hear any portion of his application for fees and costs. He relies on the language of the order which limited Williams’ jurisdiction to those matters presented to him between May 18th and May 22, 1987, and thereafter gave him only the power “to dispose of all matters considered by him on said dates.” Carter points out that his motion to tax costs was not filed until nearly three years after the expiration of Williams’ order of assignment.
St. Cloud argues that by determining the amount of costs to be taxed in regard to witnesses whose testimony was presented or proffered to him during the condemnation hearing, Judge Williams did nothing more that “dispose of all matters considered by him on said dates.” St. Cloud notes that, prior to awarding costs, a judge must determine whether the costs were incurred in defense of the condemnation and asserts that only the judge who heard the testimony can make that determination.
We agree with Carter that because of the expiration of his order of assignment, Judge Williams was without jurisdiction to hear any portion of Carter’s motion to tax costs. State ex rel. Wesley Constr. Co. v. O’Connell, 347 So.2d 442 (Fla. 3d DCA 1977). An order or judgment entered in a judicial proceeding as to a subject not within the judicial power of a court or a judge is a nullity. Caudell v. Leventis, 43 So.2d 853 (Fla.1950); Seaboard Air Line Ry. v. Maxey, 64 Fla. 487, 60 So. 353 (1912). Accordingly, the “Final Order on Referenced Portion of Cost Application” rendered by retired Judge Williams on August 22, 1990 is reversed and remanded for consideration by a judge properly assigned to consider the matter.
A more troublesome question is raised by St. Cloud’s appeal of Judge Kirk-wood’s award of $157,478.18 in expert witness fees to Carter. At trial on the compensation issues, St. Cloud presented two witnesses: an electrical engineer to explain the transmission line project, and a non-M.A.I. right-of-way appraiser who valued the taking at $33,654, which included virtually no severance damages. Carter had three experts testify. Wiles, a land planner, testified about his study to determine the highest and best use of the property, but he did not perform an appraisal. Two M.A.I. appraisers, Matonis and Pickens, testified to their independent appraisals. According to Matonis, just compensation for the taking was $117,000 and severance damages were $443,000. Pickens testified to $73,168 for the taking and $414,854 in severance damages.
*181 It is difficult to understand an award of $157,478.18[3] in expert witness fees expended in a power line easement case where the total value of the taking is around $400,-000, especially where St. Cloud’s presentation of evidence was so modest. We also question the need for two appraisers whose work was almost entirely duplicative. Surprisingly, however, St. Cloud has conceded that the services of both appraisers were necessary for Carter to properly present his position at the compensation trial. What St. Cloud contends is that it introduced evidence the trial court should have accepted to reduce the amount of Pickens’ and Matonis’ fees because they were unreasonably high for the work performed. The evidence St. Cloud relies on is the testimony of Thomas Pinel, an M.A.I. appraiser previously hired by Carter to perform the same task as Matonis and Pickens. Pinel generated “a foot of files and a first and second proof copy of an appraisal up to a point” and billed $15,000 for the work he did. St. Cloud argues the trial court erred in failing to apply this testimony to conclude the amounts Matonis and Pickens billed for their work was “excessive.” We cannot agree.
The amount of the fees incurred by Pick-ens and Matonis to perform their appraisals was supported by substantial competent evidence, including expert testimony. St. Cloud’s evidence may have supported a substantial fee reduction, but it did not compel it. Further, St. Cloud’s reliance on our opinion in Florida Power and Light Co. v. Flichtbeil, 513 So.2d 1078 (Fla. 5th DCA 1987), rev. denied sub nom. Miller v. Florida Power and Light Co., 520 So.2d 585 (Fla.1988) is misplaced. In Flichtbeil, because of deficiencies in the qualifications of the appraiser and the work product, the record simply did not support the fee awarded. This case presents a different problem entirely. Because the propriety of having these two experts testify at trial was not challenged, the reasonable cost of the work required in order for each to render an opinion was the issue. The trial court saw and heard the testimony at trial and in the cost hearing and concluded the approximately $57,000 each charged to reach and render an opinion was reasonable.
St. Cloud also contended the fees of Wiles should be reduced because his work benefitted the entire parcel, not just the acreage subject to the easement. After review of the trial transcript and the testimony adduced in support of these fees at the cost hearing, we agree with Carter that the decision to award all of Wiles’ fee was within the trial court’s discretion.
However much we might question the propriety of the costs awarded in this case, this court has no basis to grant relief.
AFFIRMED in part; REVERSED in part; REMANDED.
COBB and HARRIS, JJ., concur.

. City of St. Cloud v. Kiekhaefer, 578 So.2d 314 (Fla. 5th DCA 1991).

. The order is not part of the record.

. Total costs claimed were approximately $221,-ooo.