633 So.2d 94 (1994)
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Gayle A. WOODS, et al., Appellees.
No. 93-0730.
District Court of Appeal of Florida, Fourth District.
March 2, 1994.
Rehearing Denied April 5, 1994.
Thornton J. Williams, General Counsel, Gregory G. Costas, Asst. General Counsel, Tallahassee, for appellant.
John P. Tynan, Jupiter, for appellee Gayle A. Woods.
*95 PER CURIAM.
The Department of Transportation (DOT) appeals an order awarding costs for a consultant hired by the landowner in this eminent domain action. We reverse the award, finding the consultant's fee was not a proper cost.
The appellee-landowner hired the consultant to assist the landowner's attorney in selecting expert witnesses for the condemnation action, preparing them for trial, and informing trial counsel on the nuances of eminent domain cases, because trial counsel was admittedly a novice in such cases and unfamiliar with the procedures. After successfully litigating the matter, the landowner requested and received an award of costs for the consultant, which we must now consider.
Under section 73.091, Florida Statutes (1993), the landowner is entitled to just compensation from the condemning authority, including the payment of expenses which aid in a determination of just valuation. Sarasota County v. Burdette, 524 So.2d 1064 (Fla. 2d DCA 1988). In a proper case, the landowner may secure a fee for expert witnesses, even though they do not testify at trial. Cheshire v. State Road Dept., 186 So.2d 790 (Fla. 4th DCA), cert. denied, 192 So.2d 493 (Fla. 1966). All that is necessary is that the expert render an opinion or perform services which are helpful in determining the valuation of the property. See Dade County v. Brigham, 47 So.2d 602 (Fla. 1950); Leeds v. City of Homestead, 407 So.2d 920 (Fla. 3d DCA 1981).
The consultant in this case was not hired as an expert witness, but to assist the landowner's attorney in the litigation. His function was not to render an opinion on just valuation. Therefore, there is no basis under section 73.091 for an award of his fees.
Accordingly, the trial court abused its discretion in assessing the consultant's fee as an expert cost.
REVERSED.
DELL, C.J., and GLICKSTEIN, J., concur.
PARIENTE, J., dissents with opinion.
PARIENTE, Judge, dissenting.
I would affirm the trial court's award of costs for the landowner's real estate consultant. The DOT agreed to an attorney's fee award of $34,986, appraiser fees of $17,946, and engineering fees of $11,185.79. The DOT would not agree to the real estate consulting services of $9,925, because it claimed that the fee was for legal services provided by an individual not licensed to practice law in Florida. The consultant is a licensed real estate broker and worked for the DOT as an attorney. He is not presently licensed in Florida, but his firm offers consulting services in condemnation cases. According to the testimony in this case, the bulk of the consultant's time was spent securing and preparing expert engineering witnesses and real estate appraisers, interviewing witnesses, evaluating the real estate appraisals on both sides and attending meetings at the site. The trial court determined that the consultant's services were both reasonable and necessary.
Section 73.091 mandates that the condemning authority shall pay the landowner all reasonable costs of the proceedings. The purpose of the statute is to place the landowner on equal footing with the condemning authority. See Dade County v. Renedo, 147 So.2d 313 (Fla. 1962); Dade County v. Brigham, 47 So.2d 602 (Fla. 1950); Leeds v. City of Homestead, 407 So.2d 920 (Fla. 3d DCA 1981).
The trial court in the present case determined that the consultant was not hired to perform legal services but to investigate and to assist trial counsel in the performance of his duties. The trial court determined that the expert's services benefitted the landowner. A landowner is entitled to fees which are reasonably and necessarily expended in connection with investigation, research, preparation and presentation of the case both at the trial and appellate level. County of Volusia v. Pickens, 435 So.2d 247 (Fla. 5th DCA), rev. denied, 443 So.2d 980 (Fla. 1983). As long as his services support the efforts of trial counsel, it does not matter that the consultant did not testify for the landowner. See Sarasota County v. Burdette, 524 So.2d 1064 (Fla. 2d DCA 1988).
*96 The determination by the trial court that a consultant performed services which were helpful in determining the ultimate question of just valuation of the property is a question for the trier of fact. Department of Agriculture and Consumer Services v. Polk, 568 So.2d 35 (Fla. 1990). The trial court officiated at the trial of this case, and therefore, was in an excellent position to determine the contribution of the consultant to the ultimate result and the value of the role served by the consultant. While I might disallow the portion of the consultant's time spent in the courtroom, mediation and attending motions, the trial court did not find that his time was duplicative and in fact found that the consultant saved attorney time which would have been billed out at a higher rate. In my opinion, the trial court did not abuse its discretion.