687 So.2d 2 (1996)
R. Blair GARBER, Leslie S. Emhoff, and Randall J. Hartlage, d/b/a T.F.M. Investments of Tallahassee, Appellants,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 96-1169.
District Court of Appeal of Florida, First District.
October 30, 1996.
*3 Robert M. Ervin Jr. of the Law Firm, Ervin, Varn, Jacobs, Odom & Ervin, and Joe W. Fixel of the Law Firm, Fixel & McGuire, Tallahassee, for Appellants.
Thornton J. Williams, General Counsel, and Gregory G. Costas and Gary M. Farmer Jr., Assistant General Counsel, Department of Transportation, Tallahassee, for Appellee.
BENTON, Judge.
In order to condemn a portion of appellants' land, the Florida Department of Transportation (DOT) instituted an action in eminent domain. The stipulated final judgment and amendment to order of taking, which resolved the action otherwise, provided that "the Court retains jurisdiction to assess reasonable attorney's fees and costs and expert costs." Exercising this retained jurisdiction, the circuit court entered the order denying marketing experts' fees now appealed. We reverse and remand for further consideration and, in the discretion of the trial court, further proceedings.
By statute, a landowner whose property is condemned is entitled to recover attorney's fees and costs, as well as the value of the property that is taken. Schick v. Department of Agriculture and Consumer Servs., 599 So.2d 641 (Fla.1992). See Dade County v. Davidson, 418 So.2d 1231 (Fla. 3d DCA 1982); Florida Power and Light Co. v. Flichtbeil, 475 So.2d 1250 (Fla. 5th DCA 1985), review denied, 486 So.2d 597 (Fla. 1986); Hodges v. Division of Admin., State, Dep't of Transp., 323 So.2d 275 (Fla. 2d DCA 1975); State Dep't of Transp. v. Shaw, 303 So.2d 75 (Fla. 1st DCA 1974).
The [condemning authority as] petitioner shall pay attorney's fees ... as well as all reasonable costs incurred in the defense of the proceedings in the circuit court, including, but not limited to, reasonable appraisal fees and, when business damages are compensable, a reasonable accountant's fee.
§ 73.091(1), Fla.Stat. (Supp.1994). To be recoverable, experts' fees must be reasonable, Dade County v. Midic Realty, Inc., 549 So.2d 1207 (Fla. 3d DCA 1989), and the experts' services must have been necessary. Sarasota County v. Burdette, 524 So.2d 1064, (Fla. 2d DCA 1988). While unnecessary duplication precludes double recovery, a landowner may be justified in engaging two appraisers in the same case. Compare Carter v. City of St. Cloud, 598 So.2d 179, 181 (Fla. 5th DCA 1992) ("We also question the need for two appraisers whose work was almost entirely duplicative.") with Grinaker v. Pinellas County, 328 So.2d 880, 881 (Fla. 2d DCA 1976) ("two appraisers per se" are not too many).
Here DOT agreed to entry of orders assessing accountant's, appraiser's and engineer's fees, but opposed paying the broker who purportedly acted as appellants' "marketing expert." None of the experts actually testified at trial because the case settled. See City of Hallandale v. Chatlos, 236 So.2d 761 (Fla.1970); Cheshire v. State Road Dep't, 186 So.2d 790, 792 (Fla. 4th DCA) (expert need not testify in order for his fee to be taxed as cost), cert. denied, 192 So.2d 493 *4 (Fla.1966). Roger Crawford, the expert whose fee is at issue in the present appeal, is a real estate and business broker. He was asked to help assess the impact a loss of parking places would have on the property's continued viability as the location of three physicians' practices.
The order denying marketing experts' fees (which actually addresses a single expert's fee) contains no findings of fact or conclusions of law. The order cites State, Department of Transportation v. Woods, 633 So.2d 94 (Fla. 4th DCA 1994) without explication. In Woods, the Fourth District overturned the award of an expert witness fee to a former lawyer who spent time "securing and preparing expert engineering witnesses and real estate appraisers, interviewing witnesses, evaluating the real estate appraisals on both sides and attending meetings at the site," 633 So.2d at 95 (Pariente, J., dissenting), because "[h]is function was not to render an opinion on just valuation." 633 So.2d at 95. The Woods majority concluded that the consultant there "was not hired as an expert witness, but to assist the landowner's attorney in the litigation." Id.
The landowners contend that the evidence does not support the trial court's apparent finding that Mr. Crawford was not hired as a witness to render or assist in rendering an opinion on just valuation and to testify, as needed. We agree with appellants' contentions that Mr. Crawford's role differed importantly from that of the expert whose fee was held nontaxable in the Woods case, and that the trial court erred in categorically rejecting his fee as a cost on the authority of Woods. (In doing so, we do not reach the question the Woods court decided.)
On appeal, DOT maintains that, even if Woods is not apposite, section 73.091, Florida Statutes (1993), does not authorize awards of marketing experts' fees as costs. DOT asserts that, where business damages are being evaluated, the statute should be read to allow payment only of a reasonable accountant's fee. We reject this construction of the statute as contrary to the plain language authorizing expert fees "including, but not limited to, reasonable appraisal fees." This language applies to business damages and the loss of real estate alike. As a practical matter, moreover, the value of real estate on which business is conducted ordinarily depends on the type and volume of business that can be conducted there.
Finally, DOT argues for affirmance on grounds that appellants failed to prove Mr. Crawford's services were reasonable and necessary, and that they did not duplicate other appraisal services for which appellants were reimbursed. These are factual questions the trial court did not reach, as far as can be told from its order. Without expressing any view on how these factual questions should be resolved, we remand for the trial court to determine whether Mr. Crawford's services were reasonably required in determining the property's value and not unnecessarily duplicative. Only if the trial court decides Mr. Crawford's fees were reasonable and necessary will the trial court need to decide upon a reasonable fee.
Reversed and remanded.
BARFIELD, C.J., and KAHN, J., concur.