748 So.2d 1049 (1999)
DEPARTMENT OF TRANSPORTATION, etc., Appellant,
v.
JACK'S QUICK CASH, INC., et al., Appellee.
No. 98-3249.
District Court of Appeal of Florida, Fifth District.
November 19, 1999.
Clarification Denied January 4, 2000.
Pamela S. Leslie and Gregory G. Costas, Tallahassee, for Appellant.
Wilbur E. Brewton and Kelly Brewton Plante of Gray, Harris & Robinson, P.A., Tallahassee, for Appellee.
GRIFFIN, J.
The State of Florida, Department of Transportation ["DOT"], appeals a cost award in an eminent domain proceeding. Because the costs at issue were incurred by the landowner in support of its unsuccessful business damage claim, the Department was not obliged to pay such costs. Accordingly, we reverse.
This case involves the 1992 partial taking by the DOT of three adjacent parcels of landparcels 114, 115 and 116which are located in Orange County, Florida and were being used by Bill Brown Volkswagen, Inc. ["Bill Brown VW"] in the conduct of its business. The business apparently possessed parcels 115 and 116 as a tenant under a written lease with owner of the property, William D. Brown, trustee. Parcel 114 was held by the business as a tenant under a written lease with a second *1050 owner, Bill Brown Service, Inc. ["Bill Brown Service"].
The petition for condemnation named as respondents only Bill Brown Service and the Trustee, despite the leasehold interests held by Bill Brown VW. In their answer, Bill Brown Service and the Trustee asserted, as an affirmative defense, that the taking was a partial taking and they were entitled to business damages in addition to the fair market value of the condemned property. They also asserted a right to business damages.
On October 17, 1996, Bill Brown VW filed a motion to intervene in the condemnation action against Bill Brown Service and the Trustee, on the basis that it was the lessee of parcels 114, 115 and 116 and was entitled to business damages due to the taking. The petition alleged that:
2. The Business has held the property pursuant to the lease agreements for over five years.
3. For over five years prior to the date of the taking, the Business operated a car dealership, consisting of new car, used car and service divisions, on the property taken and adjoining property.
The trial court granted the motion to intervene.
Bill Brown VW then filed a motion in limine which sought entry of an order permitting it to introduce evidence of its business damages at trial. The motion essentially sought a determination that Bill Brown VW's business damages claim met the five-year requirement contained in section 73.071, Florida Statutes (1991). This statute limits the right to business damages from a partial taking to the damages sustained by "an established business of more than 5 years standing....." § 73.071(3)(b), Fla. Stat. (1991); Blockbuster Video, Inc. v. State, Department of Transp., 714 So.2d 1222 (Fla. 2d DCA 1998); Joynt v. Orange County, 701 So.2d 1249 (Fla. 5th DCA 1997).
The motion sought primarily a finding that Bill Brown VW had been in business on parcel 114 for the requisite five-year period and was therefore entitled to claim business damages for the partial taking of parcel 114.[1] Regarding parcel 114, the motion alleged that in 1985 Bill Brown Service had acquired a leasehold interest in parcel 114, which was then put to use as a Mobil gas station. The motion asserted that, beginning in 1985, Bill Brown VW also used portions of parcel 114 to display used cars and that it had its cars repaired on the premises. The motion asserted that Bill Brown Service purchased the property in 1989, and that it then leased the parcel to Bill Brown VW, which has used it for its used car operations since that time. It further asserted that Bill Brown VW would be damaged by the taking of used car display space from parcel 114.
A stipulated partial final judgment was entered on October 16, 1997, providing for payment of $223,000 to the Trustee and Bill Brown Service and which resolved all issues between the DOT, the Trustee and Bill Brown Service. The judgment expressly stipulated that the compensation, if any, to be paid to Bill Brown VW would be considered as a separate issue.
The following day the DOT filed its own motion in limine and request for an evidentiary hearing in which DOT contended Bill Brown VW should be precluded from presenting any evidence of business damages because it had not been in continuous operation on parcel 114 for at least five years before the date of taking. The motion conceded that Bill Brown VW had been in operation on parcel 115 since 1979.
Bill Brown VW responded to DOT's motions, arguing first that it did not have to be in continuous operation on parcel 114 to recover business damages; that it was sufficient *1051 that it had been in operation on an adjoining parcel for a continuous five-year period. Alternatively, Bill Brown VW argued that its use of parcel 114 from 1985 through the date of the taking was sufficient to meet the requirements of section 73.071(3)(b).
The trial court held an evidentiary hearing on the motions in limine and motion to strike. At the conclusion of the hearing the court ruled that Bill Brown had failed to meet the five-year requirement for establishing business damages on parcel 114. Because no other issue remained to be tried, the court also entered final judgment in favor of the DOT. However, the court retained jurisdiction to determine the costs to be awarded to Bill Brown under section 73.091, Florida Statutes (1991). Bill Brown appealed the final judgment, but this court affirmed. Bill Brown Volkswagen, Inc. v. Department of Transp., 718 So.2d 1255 (Fla. 5th DCA 1998) (table).
On September 21, 1998, Bill Brown VW moved for attorney's fees, expert fees and costs. The parties settled all fee and cost issues, with the exception of the fees payable for two business damage experts retained by Bill Brown in relation to parcel 114. The DOT filed a motion asking the court to disallow the costs, arguing that they were not recoverable by Bill Brown because its business damages were not "compensable" within the meaning of section 73.091, Florida Statutes (1991). That statute provides:
Except as provided in s. 73.092, the petitioner shall pay all reasonable costs of the proceedings in the circuit court, including, but not limited to, a reasonable attorney's fee, reasonable appraisal fees, and, when business damages are compensable, a reasonable accountant's fee, to be assessed by that court.
The DOT emphasized that the right to business damages was a matter of legislative grace, not part of the constitutional right to just compensation, and noted that statutes providing for payment of business damages are strictly construed in favor of the state. It theorized that the statute providing for payment of expert witnesses retained for the purpose of recovering business damages should likewise be strictly construed against the landowner and in favor of the state. The DOT further contended that the claim was essentially meritless and should have been abandoned prior to the hearing.
Bill Brown argued that the issue of its right to business damages was a closer issue than had been acknowledged by the DOT and urged that because condemnees can recover fees and costs despite the recovery of a zero verdict, unless the damages sought were "predictably non-compensable," the same principles should be applied when seeking fees and costs related to business damages.
The lower court ruled that Bill Brown was entitled to recover the entire $69,000 in expert witness fees associated with its business damages claim for parcel 114. The court reasoned:
1. This was a complex eminent domain case involving a claim for business damages by Bill Brown. Just prior to the trial on the business damages, this Court ruled that Bill Brown did not meet the five year requirement under Section 73.071(3)(b), Florida Statutes. This Order was affirmed on appeal by the Fifth District Court of Appeal.
2. Although this Court and the Fifth District Court of Appeal ultimately concluded that business damages were not compensable, this Court finds that the use of the marketing expert and the accountant by Bill Brown was reasonable and necessary under the circumstances present in this case. This Court specifically finds that the claims of Bill Brown were not predictably non-compensable. The legal and factual issues were closely decided and, in fact, the Second District Court of Appeal reached a different result in a very similar case decided shortly after the appeal in this case was final. See Blockbuster Video, *1052 Inc. v. State of Florida, Department of Transportation, 714 So.2d 1222 (Fla. 2d DCA 1998).
3. The fees of the experts were reasonable and based upon the time necessary to complete their individual work efforts.
The entitlement to recovery of fees and costs is controlled by section 73.091, Florida Statutes (1991):
Except as provided in s. 73.092, the petitioner shall pay all reasonable costs of the proceedings in the circuit court, including, but not limited to, a reasonable attorney's fee, reasonable appraisal fees, and, when business damages are compensable, a reasonable accountant's fee, to be assessed by that court.
The DOT is correct that the right to recover business damages is purely statutory and is not part of the constitutional guarantee of "full compensation." See, e.g., Department of Transp. v. Rogers, 705 So.2d 584 (Fla. 5th DCA 1997). It is also correct that statutes awarding business damages are to be strictly construed in favor of the state. Id. DOT therefore urges that a landowner is entitled to recover the costs associated with a claim for business damages only when business damages are found to be "compensable."
Bill Brown notes that the limiting "compensability" language relied on by the DOT was added to the statute in 1987 and that prior to this time, the statute provided:
The petitioner shall pay all reasonable costs of the proceedings in the circuit court, including a reasonable attorney's fee to be assessed by that court.
Bill Brown argues that the 1987 amendments had no effect on the trial court's authority to award "all reasonable costs of the proceedings in the circuit court," nor did it overturn existing case law interpreting the meaning of the words, "reasonable costs." Bill Brown insists that the 1987 amendments were only intended to set forth the costs which the DOT "must" pay. Bill Brown maintains that the inclusion of accountant's fees as a mandatory costs in cases in which business damages are found to be compensable does not preclude an award of other costs incurred in making business damage claims even though the claim is unsuccessful.
Generally, all costs of eminent domain proceedings are paid by the state, as part of the constitutional guarantee of full compensation. This includes the cost of obtaining expert witnesses, which is reimbursed as part of just compensation. Florida East Coast Ry. Co. v. Martin County, 171 So.2d 873 (Fla.), cert. denied, 382 U.S. 834, 86 S.Ct. 79, 15 L.Ed.2d 78 (1965); Department of Transp. v. Springs Land Investments Ltd., 695 So.2d 414 (Fla. 5th DCA 1997); Grinaker v. Pinellas County, 328 So.2d 880 (Fla. 2d DCA 1976). In a proper case, the landowner may secure a fee for expert witnesses, even though the jury returns a zero verdict. Leeds v. City of Homestead, 407 So.2d 920 (Fla. 3d DCA 1981); Hodges v. Division of Admin., State, Department of Transp., 323 So.2d 275 (Fla. 2d DCA 1975); City of Miami Beach v. Liflans Corp., 259 So.2d 515 (Fla. 3d DCA), cert. denied, 267 So.2d 83 (Fla.1972). Landowners are also entitled to expert witness fees where a case is settled prior to trial, as long as the costs incurred were "reasonable" and necessary to the preparation of the defense. Cheshire v. State Road Dep't, 186 So.2d 790 (Fla. 4th DCA), cert. denied, 192 So.2d 493 (Fla.1966). Costs incurred in prosecuting a "close" claim can be considered reasonable. See, e.g., Hodges, supra.
The right to full compensation, however, does not include the right to recover business damages, which are not considered "property" within the meaning of the constitutional guarantee. Texaco, Inc. v. Department of Transp., 537 So.2d 92 (Fla. 1989). Business damages are allowed only as a matter of legislative grace. Id.; Jamesson v. Downtown Dev. Auth., 322 So.2d 510, 511 (Fla.1975).
Prior to the amendment to section 73.091, only one Florida court appears to *1053 have held that "expert" witness fees incurred by condemnees in an unsuccessful attempt to establish business damages were recoverable by the condemnees as part of the "reasonable costs" incurred in a condemnation proceeding. Hodges, 323 So.2d 275. In Hodges, the condemnees had opened a motel and marina on the site of a prior motel and marina which had gone out of business. The Hodges claimed a right to business damages when part of their property was condemned, despite the fact that their own business had been open for less than five years. The Second District affirmed the trial court's exclusion of evidence relating to the Hodges' claim for business damages because of the failure to show that the motel and marina was an established business of more than five years' standing. The court nonetheless found that the Hodges were entitled to reasonable attorney's fees incurred in attempting to establish this claim and to reasonable expert witness fees related to their attempt to establish their right to business damages. The court found that these expenses should be considered as "reasonable costs" within the meaning of section 73.091.
Hodges was decided under the predecessor statute which required the condemning authority to "pay all reasonable costs of the proceedings in the circuit court." In 1987, however, the statute was amended, adding language concerning business damages.

Except as provided in s. 73.092, the petitioner shall pay all reasonable costs of the proceedings in the circuit court, including, but not limited to, a reasonable attorney's fee, reasonable appraisal fees, and, when business damages are compensable, a reasonable accountant's fee, to be assessed by that court.[[2]]
Ch. 87-148, Laws of Florida.
Only one case, Garber v. State, Department of Transportation, 687 So.2d 2 (Fla. 1st DCA 1996), appears to have considered the language contained in the amended statute. Garber was an appeal by a landowner who had settled with the DOT prior to trial. The DOT agreed to payment of all of the condemnee's experts with the exception of a real estate and business broker who was hired to assist in determining business damages incurred by the condemnee from the loss of parking spaces at a place of business. The DOT had apparently conceded, in settling with the landowner, that the landowner had a "compensable" claim for business damages. The DOT nonetheless asserted that it was not required to pay the landowner's business damages expert because section 73.091 required it to pay only a reasonable accountant's fee in connection with a claim for business damages. The First District disagreed with the DOT's construction of the statute, stating:
DOT asserts that, where business damages are being evaluated, the statute should be read to allow payment only of a reasonable accountant's fee. We reject this construction of the statute as contrary to the plain language authorizing expert fees "including, but not limited to, reasonable appraisal fees." This language applies to business damages and the loss of real estate alike. As a practical matter, moreover, the value of real estate on which business is conducted ordinarily depends on the type and volume of business that can be conducted there.
Id. at 4.
Bill Brown urges that Garber stands for the proposition that "business damage" costs are included in the costs that the condemning authority "shall pay." We disagree. Section 73.091 is a badly written statute but appears to authorize compensation for business damage experts only when the business damage claim is compensable. This is the most obvious and logical reading of the statute. Under Bill Brown's interpretation, the amendment is superfluous. Also, our reading of the statute *1054 is most consistent with the distinction between the constitutional right to full compensation and the statutory right to business damages. Recovery of attorney's fees, expert witness fees, or any other cost by the losing party, is an anomaly of Florida's broad constitutional right to full compensation. Under section 73.091, business damage expert fees are to be recovered only when business damages are compensable.
REVERSED.
GOSHORN, J. and McNEAL, R., Associate Judge, concur.
NOTES
[1] Although the motion also claimed business damages related to parcels 115 and 116, the record suggests that Bill Brown VW's only true business damage claim was related to parcel 114.
[2] With minor changes not relevant here, this is essentially the same statute now in effect.