816 So.2d 1241 (2002)
SEMINOLE COUNTY, Appellant,
v.
Faye R. CHANDRINOS, et al., Appellee.
No. 5D01-397.
District Court of Appeal of Florida, Fifth District.
May 31, 2002.
*1242 Robert A. McMillan, County Attorney and Herbert S. Zischkau, III, Assistant County Attorney, Sanford, for Appellant.
Joseph M. Hanratty of Forman, Hanratty & Montgomery, Ocala, for Appellee.
ORFINGER, R.B., J.
In order to widen and improve County Road 46-A, Seminole County instituted an action in eminent domain involving various landowners, including Upsala Presbyterian Church. Negotiations between Seminole County and Upsala led to a stipulated final judgment wherein Seminole County obtained title to a strip of Upsala's property along the roadway in exchange for $160,000. The trial court reserved jurisdiction to assess attorney's fees and costs, and expert witness fees and costs. Exercising its retained jurisdiction, the circuit court entered an order awarding Zook, *1243 Moore & Associates, Inc.[1] fees and costs totaling $40,846.69, and Morris Engineering, Inc.[2] fees and costs totaling $8,412.93, now appealed by Seminole County.[3] For the reasons discussed hereafter, we reverse and remand for further consideration, and, in the discretion of the trial court, further proceedings.
By statute, a landowner whose property is condemned is entitled to recover attorney's fees and costs, as well as the value of the property that is taken. Schick v. Dep't of Agric. & Consumer Servs., 599 So.2d 641 (Fla.1992); Garber v. Dep't of Transp., 687 So.2d 2 (Fla. 1st DCA 1996). In addition, the condemning authority is required to pay all reasonable and necessary costs incurred in the defense of an eminent domain proceeding, including experts fees. Dep't of Transp. v. Jack's Quick Cash, Inc., 748 So.2d 1049, 1052 (Fla. 5th DCA 1999). Section 73.091, Florida Statutes (1998) governs the award of fees and costs in eminent domain proceedings, and provides:
(1) The petitioner shall pay attorney's fees as provided in s. 73.092 as well as all reasonable costs incurred in the defense of the proceedings in the circuit court, including, but not limited to, reasonable appraisal fees and, when business damages are compensable, a reasonable accountant's fee, to be assessed by that court.
(2) At least 30 days prior to a hearing to assess costs under this section, the condemnee's attorney shall submit to the condemning authority for each expert witness complete time records and a detailed statement of services rendered by date, nature of services performed, time spent performing such services, and costs incurred, and a copy of any fee agreement which may exist between the expert and the condemnee or the condemnee's attorney.
(3) In assessing costs, the court shall consider all factors relevant to the reasonableness of the costs, including, but not limited to, the fees paid to similar experts retained in the case by the condemning authority or other parties and the reasonable costs of similar services by similarly qualified persons.
(4) In assessing costs to be paid by the petitioner, the court shall be guided by the amount the defendant would ordinarily have been expected to pay for the services rendered if the petitioner were not responsible for the costs.
(5) The court shall make specific findings that justify each sum awarded as an expert witness fee.
Seminole County first argues that the expert fees sought by Zook and Morris were contingent fees, and, therefore, are impermissible.[4] At the outset, we note that Seminole County failed to raise *1244 this issue below, and, thus, this issue is not preserved for appeal. Dober v. Worrell, 401 So.2d 1322 (Fla.1981). However, on the merits, Seminole County's argument is misplaced. Upsala's agreement with its attorney provided the following with regard to the retention of experts:
3. Client authorizes attorney to hire as experts on client's behalf only those experts who will accept employment for the fees and costs awarded by the court pursuant to Florida Statute, section 73.091(1991).
Fees for legal or expert witness services in litigation may either be "certain" or "contingent" (or some hybrid of the two). A fee is certain if it is payable without regard to the outcome of the suit; it is contingent if the obligation to pay depends on a particular result being obtained. City of Burlington v. Dague, 505 U.S. 557, 560-61, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). Under a common contingent fee arrangement, the attorney or witness would receive no payment if the client loses. That clearly is not the case here. The fees to which Zook and Morris are entitled are not dependent under the contract on the outcome of the case. Zook and Morris simply agreed to accept whatever fee the court determined to be reasonable for any necessary services rendered. This is a statutory prerequisite to the assessment of any such fee in all cases. See § 73.091(1), Fla. Stat. (1998).[5]
Next, Seminole County challenges the trial court's order approving fees and costs, contending that the bulk of the work performed by Zook and Morris was not reasonable or necessary, and is therefore not compensable. To appreciate Seminole County's argument, one must consider how Upsala used the property, what property was taken, and what work Zook and Morris performed. The property taken consists of a strip of land approximately 265 feet long by 20 feet wide (about .13 of an acre) abutting the road right-of-way, and contained some paving, an identification sign, and some bushes. Zook was retained to determine how to reconfigure Upsala's parking due to Seminole County's taking and worked for 8-10 months to do so. Given the nature of the taking and its impact on Upsala, reasonable fees attributable to that work are compensable. However, for the next two years, Zook's employees spent considerable time doing conceptual planning for a fellowship hall that Upsala had no plans to build. This work was neither reasonable nor necessary. "An owner does not have carte blanche to incur unnecessary fees, and not all expenses an owner incurs may be collected." Dep't of Transp. v. Springs Land Inv., Ltd., 695 So.2d 414, 417 (Fla. 5th DCA 1997). Owners are entitled to expert witness fees, which go to the establishment of just compensation. Dade County v. Brigham, 47 So.2d 602 (Fla. 1950). Owners are not entitled to compensation for expert fees related to every conceivable use or possible configuration of the remaining property. The fees must be reasonably and necessarily incurred regarding a real, not merely a possible, issue in the case. There was no testimony regarding Upsala's actual plans for a fellowship hall. It was entirely speculative whether the development of Upsala's fellowship hall would take place in accordance with the plans that Zook prepared or, for that matter, would ever take place. *1245 Accordingly, to award Zook fees for such work was an abuse of discretion.
Similarly, the fees to Morris must fail as it was retained by Zook solely to consider drainage issues relating to the fellowship hall and the paving of Upsala's parking lot. There was no testimony that either of these events were likely to occur. Accordingly, any work performed by Morris was unrelated to the eminent domain proceedings, and cannot be taxed against Seminole County.
Next, we consider the fees awarded to Zook and Morris for time their employees spent in depositions taken by Seminole County regarding their fees. Section 73.091(1) addresses costs of eminent domain proceedings and provides for payment of attorney's fees and "all reasonable costs incurred in the defense of the proceedings." The expenses associated with expert depositions are included in these costs. See Sarasota County v. Burdette, 524 So.2d 1064, 1066-67 (Fla. 2d DCA 1988) (condemnees were entitled to reimbursement for costs of depositions in eminent domain proceeding, although depositions were not used at trial). But section 73.091 speaks to fees incurred in defending the eminent domain proceedings, not the award of expert fees for litigating either the entitlement to, or amount of, such fees. Because there is no specific statutory provision in chapter 73 regarding the award of expert deposition fees taken for the purpose of determining the expert's entitlement to, or amount of fees, the question becomes whether the trial court's fee award for the depositions can be affirmed on some other basis.[6]
To answer this question, we look to well established precedent regarding the award of attorney's fees in fee shifting cases. The supreme court has held that attorney's fees may be awarded for time related to litigating the issue of entitlement to fees, but not for the time expended litigating the amount of fees. State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832-33 (Fla.1993).[7] Accordingly, this court has held that the time spent litigating the amount of an attorney's fee is not compensable. See, e.g. Seminole County v. Boyle Inv. Co., 719 So.2d 1004 (Fla. 5th DCA 1998) (trial court erred by awarding expert witness fees for experts who testified about the amount of attorney's fees to be awarded); Teeter v. Dep't of Transp., 713 So.2d 1090, 1092 (Fla. 5th DCA 1998) (attorneys were not entitled to fees for the hours spent litigating the fee award); Dep't of Transp. v. Robbins & Robbins, Inc., 700 So.2d 782, 785 (Fla. 5th DCA 1997) ("[t]ime spent litigating a fee amount is not compensable since the condemnee has no interest in the amount of the fee, the benefit of which inures solely to its attorney"); Dep't of Transp. v. Winter Park Golf Club, Inc., 687 So.2d 970, 971 *1246 (Fla. 5th DCA 1997) (in an aborted eminent domain proceeding, attorney's fees should not have been awarded for the time spent litigating the correct amount of the fee to be awarded); Seminole County v. Butler, 676 So.2d 451, 455 (Fla. 5th DCA 1996) ("Whether an attorney is entitled to recover fees in connection with the attorney's efforts to obtain fees depends on the specific issue involved and whether the work inures to the benefit of the attorney or to the benefit of the client. If the attorney's time is spent on the issue of the attorney's entitlement to recover fees, the time is compensable because the client has an interest in the issue of entitlement. However, time spent litigating the correct amount of fees to be awarded is not compensable because the client has no interest in the issue of the amount of fees.").
We see no cogent reason why a consistent rule should not be followed in considering expert witness fees, and conclude that fees cannot be awarded for time spent litigating the amount of expert fees. However, it is not clear from the record whether the experts' depositions, noticed and taken by Seminole County, were for the purpose of establishing entitlement to the fees (which would be compensable), or the amount of such fees (which would not be compensable), or both. On remand, the trial court shall make this determination and apportion the time, if necessary.
Finally, Seminole County argues that it was error for the trial court to award Zook costs for general overhead items such as photocopying. We agree. The taxation of general office expenses such as postage, long distance telephone calls, fax transmissions, and delivery services as costs in an eminent domain proceeding is improper. Dep't of Transp. v. Skidmore, 720 So.2d 1125, 1130 (Fla. 4th DCA 1998).
On remand, the trial court shall determine what portion of Zook's fees were reasonably and necessarily directly associated with the condemnation, and shall exclude those fees that were related to the possible construction of the fellowship hall, as such fees are too speculative to be awarded. The court shall further determine whether Zook's deposition fees should be awarded in whole or in part, consistent with the analysis contained herein. Judges have a special responsibility in determining reasonable fees and litigation expenses for both attorneys and expert witnesses. Miller v. First Am. Bank & Trust, 607 So.2d 483 (Fla. 4th DCA 1992). We must be careful to avoid the "multiple evils of exaggeration, duplication, and invention" that occurs all too often among lawyers and expert witnesses moving for court awarded fees. Id. at 485.
REVERSED AND REMANDED.
THOMPSON, C.J. and SAWAYA, J., concur.
NOTES
[1] Zook was initially retained by Upsala to provide an evaluation of the impact of the proposed taking on access to and parking on Upsala's remaining property.
[2] Morris was retained by Upsala to consider drainage issues related to the construction of a fellowship hall on Upsala's property and the paving of Upsala's parking lot.
[3] All of the other attorney's and witness fees and costs sought by Upsala were resolved between the parties. The agreed upon fees and costs taxed against Seminole County are:

Upsala's attorney's fees: $5,230.50
Upsala's appraisal fees: $9,687.50
Upsala's architectural fees: $2,500.00
Upsala's surveying fees: $1,600.00

[4] We do not decide whether contingent fees for expert witnesses are improper because we conclude that Zook and Morris do not have contingent fee agreements. Interestingly, we observe that section 73.092, Florida Statutes (1998) mandates that in most cases, attorney's fees in eminent domain cases are contingent on the outcome of the case.
[5] Indeed, we have recognized that in a proper case, the landowner may secure a fee for expert witnesses, even though the jury returns a zero verdict. Dep't of Transp. v. Jack's Quick Cash, Inc., 748 So.2d 1049, 1052 (Fla. 5th DCA 1999); Leeds v. City of Homestead, 407 So.2d 920 (Fla. 3d DCA 1981).
[6] Florida Rule of Civil Procedure 1.390(c) provides that "[a]n expert or skilled witness whose deposition is taken shall be allowed a witness fee in such reasonable amount as the court may determine." See Eppler v. Tarmac Am. Inc., 695 So.2d 775, 777 (Fla. 1st DCA 1997) (an expert witness is entitled to payment of a fee for a deposition). Additionally, section 92.231, Florida Statutes (1998) provides that any expert, who is qualified as such and who testifies in any cause, shall be allowed a fee. See Travieso v. Travieso, 474 So.2d 1184 (Fla.1985).
[7] We observe that unlike the law in Florida, which distinguishes between time spent litigating entitlement to fees, which is recoverable, and time spent litigating the amount, which is not, State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830, 832-33 (Fla.1993), federal courts make no such distinction and allow recovery of fees for litigating fees as a matter of course. Johnson v. Univ. Coll. of the Univ. of Ala. in Birmingham, 706 F.2d 1205, 1207 (11th Cir.1983).