NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

FLORIDA POWER CORPORATION,      )
a Florida Corporation d/b/a Progress   )
Energy Florida, Inc., n/k/a Duke Energy  )
Florida, Inc., d/b/a Duke Energy, a     )
Florida Corporation,                      )
                                    )
        Appellant,              )
                                    )
v.                             )      Case No.  2D14-3293
                                    )
FIRST BAPTIST INSTITUTIONAL     )
CHURCH OF ST. PETERSBURG, INC.,  )
a Florida Non-Profit Corporation,    )
                                    )
        Appellee.              )
_____)

Opinion filed October 28, 2015.

Appeal from the Circuit Court for Pinellas
County; Pamela A.M. Campbell, Judge.

Matthew J. Conigliaro of Carlton Fields
Jorden Burt, P.A., Tampa, for Appellant.

Beth M. Coleman of Beth M. Coleman, P.A.,
St. Petersburg; and D. Tobyn DeYoung of
The DeYoung Firm, St. Petersburg, for
Appellee.


WALLACE, Judge.

          Florida Power Corporation (Duke Energy) appeals the trial court's Order

and Final Judgment Awarding Attorney's Fees of $229,387.50 to First Baptist

Institutional Church of St. Petersburg, Inc. (First Baptist). Duke Energy also appeals the trial court's Order Taxing Costs of $35,614.92 in favor of First Baptist. The attorney's fee award and the cost award followed the entry of a final judgment in favor of First Baptist that voided an easement granted by First Baptist to Duke Energy. We affirm in part and reverse in part.

Notably, Duke Energy never appealed the underlying order that voided the easement, and its challenge to the attorney's fee award amounts to an untimely attack on the propriety of the final judgment. Accordingly, we are compelled to affirm the attorney's fee award in favor of First Baptist. See Utterback v. Starkey, 669 So. 2d 304, 305 (Fla. 3d DCA 1996); Hemmerle v. Air Conditioning Equip., Inc., 635 So. 2d 1053, 1053 (Fla. 4th DCA 1994).

For the same reason, we affirm in part the order taxing costs in favor of First Baptist. However, we reverse the order taxing costs to the extent that it awarded $28,154 for the expert witness services of Calhoun, Collister & Parham, Inc., a real estate appraisal firm specializing in litigation work. The Calhoun firm never performed an appraisal of the property in question, and there was no issue of value in the case. Accordingly, the Calhoun firm's services were unnecessary, and the testimony of Mr. Jess Collister was irrelevant. There is no support in the record for an award of expert witness fees to the Calhoun firm. It follows that the trial court abused its discretion with regard to the entry of the order taxing costs to the extent of $28,154 for the services of the Calhoun firm. See Seminole Cty. v. Chandrinos, 816 So. 2d 1241, 1244-45 (Fla. 5th DCA 2002); Dep't of Transp. v. Springs Land Invs. Ltd., 695 So. 2d 414, 417 (Fla. 5th DCA 1997) ("An owner does not have carte blanche to incur unnecessary fees, and not

- 2 -

all expenses an owner incurs may be collected.").  On remand, the trial court shall enter an amended order taxing costs that removes the $28,154 amount from the total cost award.

Affirmed in part, reversed in part, and remanded.


CRENSHAW and SLEET, JJ., Concur.